# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JANET W. ROBERSON,
        Plaintiff

v.

MARTIN  J. GRUENBERG, in his capacity
as Acting Chairman, Federal Deposit
Insurance Corporation
        Defendant

Civil Action No. 06-0282 RWR

**DEFENDANT GRUENBERG'S
ANSWERS AND DEFENSES
TO AMENDED COMPLAINT**

Defendant Martin J. Gruenberg, in his official capacity as Acting Chairman of the Federal Deposit Insurance Corporation ("FDIC"), responds to plaintiff's Amended Complaint as follows:

GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure ("FRCvP"), Defendant asserts a general denial as to those allegations contained in the Amended Complaint that are not clearly and specifically admitted herein.

SPECIFIC DENIALS AND RESPONSES

Pursuant to FRCvP 8(b), Defendant further responds to plaintiff's Amended Complaint as follows, paragraph numbers corresponding to the numbered paragraphs of the Amended Complaint.

1.  This is plaintiff's Statement of her case, to which no response is required.  Any allegations of fact are denied, including her allegations of discrimination and retaliation.

2.  Subject to the Defendant's affirmative defenses, *infra*, Defendant admits that this Court has jurisdiction over the subject matter of this civil action.

3.  Admitted as to venue, however, the FDIC's Division of Information Technology ("DIT", formerly "DIRM"), where plaintiff was employed in 2002 and 2003 is located in Arlington, Virginia.  The FDIC's Divisions of Administration ("DOA") and Finance ("DOF") relocated from

Washington, D.C. to Arlington, Virginia in 2006, but the activities that plaintiff complains of are alleged to have occurred when DOA and DOF were located in the District of Columbia. Plaintiff's employment records are currently maintained by the FDIC in Arlington, Virginia. The FDIC's headquarters continue to be located in Washington, D.C.

4. Admitted, but Defendant does not have personal knowledge concerning her allegation of citizenship other than that the same information is contained in her personnel records.

5. Admitted except that the FDIC is chartered as a corporation, and is an independent regulatory agency of the Executive Branch of the United States government, and denied to the extent the paragraph alleges that Mr. Gruenberg bears any personal responsibility for personnel actions, omissions, or practices of the FDIC.

6. Admitted that Ms. Roberson has worked for the FDIC and previously, for the RTC since August 25, 1991, that she received a competitively selected promotion to the Executive Level ("E-1") on March 29, 1998 to Assistant Director with the Division of Information Resources Management ("DIRM"), and that she received a competitively selected  promotion to the position of Deputy Director of DIRM at the E-2 level on January 14, 2001, working for Division Director (at the time), Donald Demitros. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations and they are therefore denied.

7. Admitted that after Mr. Demitros' retirement, Carol Heindel, a Deputy Director, was temporarily named as Acting Director for the Division in early September 2001. Admitted that plaintiff received several  "outstanding", exceeds expectations, or "meets expectations" performance appraisals from Mr. Demitros and/or Ms. Heindel prior to 2003. Any other allegations contained in paragraph 7 are denied.

8. Admitted that on January 24, 2003 plaintiff attended a meeting with John Bovenzi, Deputy to the Chairman and Chief Operating Officer of the FDIC, and Arleas Upton Kea, who was

present in her capacity as the Director of the Division of Administration, with responsibility for personnel matters.

Admitted that a team of FDIC employees, which was headed by Mary Boyd, an experienced bank examiner specializing in information technology, wrote a "DIRM IT BRIEFING REPORT" at the request of Vice Chairman John Reich, who was the Chairman of the FDIC's Audit Committee. Denied that plaintiff knew nothing or was ambushed about this Report or the project team that performed the internal review, as plaintiff, Ms. Heindel, and DIRM staff met with them periodically while the study was being performed in 2002. Denied that the project was "secret". Admitted that one of the conclusions of the DIRM IT Briefing Report was that senior DIRM management was "ineffective" because they discouraged employee contributions and lowered morale, and that DIRM senior management needed to be "strengthened" to provide better leadership and focus for the division. Denied that the report mentioned Ms. Heindel or Ms. Roberson by name, or that any of the criticisms in the report were made on account of their gender or age. Any other allegations or innuendo concerning this report are denied.

Admitted that Mr. Bovenzi told Ms. Roberson that a group of DIRM employees alleged that she had created a hostile work environment, among other things. Admitted that a group of current and former DIRM employees did in fact bring their complaints to Vijay Deshpande, the Director of FDIC's Office of Internal Control Management, who had been assigned to coordinate the work of Ms. Boyd's team on the DIRM IT Briefing Report. Admitted that at the time, Mr. Bovenzi had not personally interviewed those who complained. Admitted that Mr. Bovenzi decided to conduct an independent management inquiry to determine the veracity of the allegations about plaintiff, and in making that decision, received input from other senior executives, including Ms. Kea and her staff at the Division of Administration. Admitted that Mr. Bovenzi decided that it would be in Ms. Roberson's and the FDIC's best interests for her to be removed temporarily from DIRM during

such an inquiry, and he thus informed her of the allegations and the reasons for the detail.  Mr. Bovenzi assigned her to be detailed to the Division of Finance on a temporary basis to work with another executive on corporate budget and planning projects that were suitable for her experience and abilities.

Admitted that Mr. Bovenzi returned Ms. Heindel to her position of record as Deputy Director of DIRM, and that he appointed Vijay Deshpande to be the acting Director of DIRM, pending the selection of a permanent Division Director.  Mr. Deshpande was a respected FDIC executive who had served successfully in various management positions prior to that time.  Mr. Bovenzi also appointed James Collins to be acting Deputy Director for Information Technology Management.  Mr. Collins was an FDIC executive who had served successfully in various management and administrative positions throughout his career and by January of 2003, had risen to the level of  Special Advisor to the COO.

All other allegations, argument, characterization or innuendo contained in Paragraph 8 which are not specifically admitted are denied.

9.   Admitted that Ms. Roberson was advised to prepare to depart her DIRM office at the meeting with Mr. Bovenzi and Ms. Kea on the morning of Friday January 24, 2003, and that at some point that day, she was told where to report the following Monday, January 27, 2003.  Mr. Bovenzi sent an E mail to Division Directors concerning the executive detail at 4:06pm on Friday, January 24, 2003, and to DIRM staff at 4:27 pm that afternoon.

Admitted that the directed detail was a non-supervisory position, but this did not affect plaintiff's title, her salary level, or her executive status at the FDIC.  Admitted that during the detail she reported to Thomas Peddicord, a male executive manager, who was the Associate Director of DOF and reported to Deputy Director Steven Anderson, until December of 2003, at which time Mr. Peddicord became a Deputy Director of DOF.  Admitted that the detail lasted approximately a year.

Admitted that plaintiff was assigned a suitable temporary office in DOF for the detail, but denied that it was too "small" or inadequate in any other way.

Admitted that during 2003, DIRM senior management realigned the IT security function to the Infrastructure Branch at DIRM under the direction of Deputy Director Michael Bartell, who had the technical competence to manage that function, and that this change had no effect on plaintiff's title, salary level, or her executive status.

All other allegations or innuendo contained in Paragraph 9 are denied.

10. Admitted that plaintiff and Ms. Heindel responded in writing to the IT Briefing Report on February 10th and 6th of 2003, that Mr. Bovenzi reviewed their comments, and that plaintiff briefed Mr. Bovenzi in February of 2003. All other allegations, characterizations, argument, or innuendo contained in Paragraph 10 are denied.

11. Admitted to the extent that Mr. Deshpande was appointed to be acting Director of DIRM and that Mr. Collins was appointed to be an acting Deputy Director of DIRM in January of 2003. Admitted that at that time, Mr. Deshpande was the Director of the Office of Internal Control Management, which had a staff of approximately 18 auditors and management analysts. Admitted that Mr. Collins was not acting as a manager at the time of his detail to DIRM, but he had other senior management jobs at the FDIC, the RTC, and throughout his career. All other allegations, characterizations, argument, or innuendo contained in Paragraph 11 are denied.

12. Admitted that for performance year 2002, Ms. Heindel had recommended plaintiff for a $10,678 Executive Bonus and that the three member Executive Review Board did not forward that recommendation to the Chairman of the FDIC because they believed the bonus was not warranted under the circumstances. Admitted that the ERB was comprised of Mr. Bovenzi, Mr. App, and Mr. John Brennan. Admitted that the recommended bonus for Ned Goldberg was forwarded by the ERB to the Chairman for performance year 2002. Admitted that the Director of DIRM was under

Mr. Bovenzi's supervision and that Mr. Bovenzi received an Executive Bonus for Performance
Year 2002, which was based on all of his work for that year, which included management of most
of the Corporation's operating divisions. .

Admitted that the "reportable condition" in IT security existed prior to 2001 and continued
through calendar year 2003 and that additional resources were allocated by the FDIC for the
purpose of correcting the reportable condition. Admitted that Mr. Bartell was selected as the best
candidate to become Chief Information Officer and Director of DIRM in November of 2003.
Admitted that Mr. Deshpande, Mr. Collins, Mr. Goldberg, Mr. Bartell, and Mr. Bovenzi received
either pay increases or bonuses or both for performance year 2003.

The remainder of Paragraph 12 contains argument and innuendo not requiring an answer,
and to the extent it contains factual allegations, they are denied.

13. Admitted that Mr. Bovenzi directed that a "management inquiry" be performed through
the Division of Administration staff and contractors to determine the veracity of the allegations and
to assess how best to respond to allegations that an FDIC executive, plaintiff Roberson, had created
a hostile work environment at DIRM. Miguel Torrado, Associate Director of DOA, was
responsible for contracting with the Delaney firm to conduct the management inquiry. Mr. Torrado
did prepare a Memorandum dated Feb. 4, 2003, directed to potential witnesses interviewed by Ms.
Delaney, that explained the purpose of the management inquiry, for the purpose of enabling the
employees to cooperate with and speak freely to Ms. Delaney, without retribution. The FDIC lacks
sufficient information as to what Ms. Delaney showed to each FDIC employee who was
interviewed, and whether plaintiff was "mortified" and therefore those allegations are denied.
Admitted that Ms. Delaney released her report to Mr. Torrado at the FDIC around April 4, 2003 and
that he immediately delivered a copy of that report, personally, to plaintiff. Denied that plaintiff did
not have adequate time or opportunity to provide her own input to the report. Admitted that the

Delaney report did not uncover ethics violations by Ms. Roberson concerning her personal relationship with a DIRM contractor nor EEO violations arising out of Ms. Roberson's conduct, however the report was critical of Ms. Roberson's management style and recommended that Ms. Roberson receive additional training and  management coaching.  The report states, among other things, that the investigator reviewed evidence that demonstrated that Ms. Roberson engaged in a "pattern of confrontational discourse that was both indiscreet and demonstrably disrespectful." Allegations concerning the Delaney report are admitted to the extent they are contained in the report, which is the best evidence of its contents.

All other allegations, arguments, characterizations, and innuendo contained in paragraph 13 are denied.

14.  Denied.

15.  Admitted that plaintiff's detail was extended several times during 2003 and that she remained in the detailed position until February 7, 2004.  During that period, she retained her pay, her title, and her executive status at the FDIC.  All other allegations, arguments, characterizations, and innuendo contained in paragraph 15 are denied.

16.  Admitted that plaintiff did not receive a bonus or a salary increase for her work in 2003 because it was determined her performance was not worthy of a bonus or merit-based salary increase relative to other comparable employees.  All other allegations, argument, characterizations and innuendo contained in paragraph 16 are denied.

17.  Admitted that in June of 2003, John Bovenzi asked plaintiff to attend a management training course on interpersonal relations in order to improve her management skills and performance for future assignments.  She did not attend the course that she was initially requested to attend, but was permitted to attend a shorter one, and did not suffer any adverse consequences as a result.  All other allegations, argument, characterizations and innuendo contained in paragraph 17

are denied.

18.  Admitted that the FDIC offered to plaintiff a position as Deputy Director for Administration in the Division of Finance in January of 2004, with equal title, salary, and executive status to the position she previously held at DIRM.  Ms. Roberson accepted the position and began working at DOF in that position effective approximately February 8, 2004.  All other allegations, argument, characterizations and innuendo contained in paragraph 18 are denied.

19.  Admitted that a management inquiry was conducted in 2004 to determine whether plaintiff had provided sensitive management salary information to an FDIC union steward.  The management inquiry was requested by COO John Bovenzi and DOF Director Fred Selby and was conducted by DOA staff who reported to DOA Deputy Director Glen Bjorklund and former Associate Director Miguel Torrado.  Admitted that the Office of Inspector General researched the E- mail trail, wrote an internal, confidential memorandum to FDIC management, which in fact confirmed that Ms. Roberson provided and distributed sensitive salary information to a union steward, and returned the matter to the FDIC for further handling.  All other allegations, argument, characterizations and innuendo contained in paragraph 19 are denied.

20.  Admitted that Mr. Selby issued a confidential Letter of Counseling to Ms. Roberson in 2004, concerning the impropriety of her communications of sensitive salary information to a union steward, but no disciplinary or adverse action was taken concerning this matter.  Admitted that Mr. Selby had not sent a letter of this nature to an executive prior to this time, as there had been no reason to do so.  All other allegations, argument, characterizations and innuendo contained in Paragraph 20 are denied.

21.  Admitted that Ms. Roberson did not receive a bonus and that she received an appropriate pay raise for the 2004 performance year.  All other allegations, argument, characterizations and innuendo contained in paragraph 21 are denied.

22.  Admitted that DOF Director Fred Selby issued a confidential (until publicized in Ms. Roberson's complaint) performance warning memorandum to provide clear notice to her that she needed to modify and improve certain leadership behaviors upon which she is annually rated by FDIC senior management.  This was based on her unsatisfactory treatment of subordinate staff (both male and female) in 2004.  After a period of approximately 45 days, Mr. Selby informed plaintiff that no further instances of concern had arisen and therefore the warning period had ended without any adverse action being taken.  All other allegations, argument, characterizations and innuendo contained in paragraph 22 are denied.

23.  Admitted that in July of 2005, DOF Director Selby realigned the Travel Policy function to place it with the Travel Audit function, which caused that unit and its staff to be removed from the plaintiff's branch of DOF.   This resulted in no adverse consequence to the plaintiff.  All other allegations, argument, characterizations and innuendo contained in paragraph 23 are denied.

24.  Denied.

25.  Denied.

26.  Denied.

27.  Denied.

Defendant denies that the plaintiff is entitled to any of the relief requested in the Prayer for Relief.  Defendant denies that the plaintiff is entitled to liquidated damages, trial by jury, or an advisory jury concerning the allegations of ADEA claims.

AFFIRMATIVE DEFENSES

1.  The Amended Complaint must be dismissed for failure to state a claim.

2.  Portions of Paragraphs 22 and 23 containing allegations concerning an innocent non-party employee should be stricken pursuant to FRCivP. 12(f) and 11 for lack of good faith in pleading and because the facts alleged as to this individual are without any factual basis,

scandalous, and impertinent.

WHEREFORE, defendant requests that the Court enter judgment in its favor and against plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover its costs in this action and the administrative proceedings which preceded this action, and for such other and further relief as the Court may deem just and proper.

Dated: April 17, 2006                              Respectfully submitted,

_s/ Dina L. Biblin_____
DINA L. BIBLIN,     DC Bar # 270298
Sr. Litigation Counsel, Legal Division
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 N. Fairfax Drive (VS-D-7050)
Arlington, VA 22226
(703) 562-2372; fax: (703) 562-2477
Email: DBiblin@fdic.gov

Attorney for Defendant

CERTIFICATE OF SERVICE
I  hereby certify that a copy of the foregoing was filed through the DC-ECF system on April 17, 2006.    _____
Dina L. Biblin, Esq.