UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANET W. ROBERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN J. GRUENBERG, )<br>   Acting Chairman, )<br>   Federal Deposit Insurance Corporation, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-0282 RWR |

## REPORT PURSUANT TO RULE 16.3

Pursuant to LCvR 16.3 the parties hereby report to the court that counsel for the parties conferred by telephone on Monday, May 22, 2006. As a consequence of the May 22, 2006 telephone conference, the parties hereby report to the Court as follows:

**Plaintiff's Statutory Basis of Claims:** Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a.

**Plaintiff's Brief Statement of the Case:** Plaintiff Janet W. Roberson, brings this action pursuant to remedy acts of employment discrimination perpetrated against her by the defendant on account of her sex and age and in retaliation for her having maintained her claims of sex and age discrimination. Plaintiff contends that defendant discriminated against her, *inter alia*, when she was detailed involuntarily from her position as Deputy Director for Information Technology Management, Division of Information Resources Management, at the Federal Deposit Insurance

Corporation, based on false and unsubstantiated allegations of serious performance failures and for allegedly creating a "hostile work environment" for some unidentified subordinates and other Division employees and when she was denied a recommended bonus and a salary increase. Plaintiff also contends that defendant retaliated against her for continuing to complain of this sex/age discrimination by, *inter alia*, creating a hostile work environment for her -- having found no legitimate grounds on which to terminate her and having contrived to place her in an Executive Level position in the Federal Deposit Insurance Corporation's Division of Finance -- when plaintiff did not dismiss or withdraw her initial sex and age discrimination complaint.

**Defendant's Brief Statement of the Case:**

Defendant denies all of plaintiff's allegations that she was subjected to discrimination on the basis of her gender or age, or that she was subjected to retaliation or a "hostile work environment." Plaintiff has not exhausted administrative remedies with respect to a separate claim of "hostile work environment." Defendant also contends that most of plaintiff's allegations fail to demonstrate a claim cognizable under the cited statutes because the allegations do not demonstrate "adverse action" taken by the FDIC against plaintiff.

\*          \*          \*

1. **Dispositive Motions.** There are no pending motions. Defendant believes that this case may be resolved through dispositive motion(s). Defendant anticipates filing a motion for summary judgment following the close of discovery.

2. **Joinder of additional parties or amending pleadings.** Neither plaintiff nor defendant anticipate joining additional parties or further amending their pleadings.

3. **Assignment to Magistrate Judge.** Defendant does not consent to the assignment of this case to a Magistrate Judge for any purpose except for settlement discussions.

For her part, plaintiff would consent to a referral of this case to a Magistrate Judge for all purposes, but without defendant's consent, plaintiff's consent is meaningless.

  4. **Prospects of Settlement.** The parties do not see a realistic possibility for settlement at the present time. However, both parties remain open to settlement discussions. *See* Paragraph (5), below.

  5. **Alternate Dispute Resolution**. The parties utilized the FDIC's mediation process during the administrative process, but were unsuccessful in reaching agreement. For that reason, the parties agree that Alternate Dispute Resolution does not appear appropriate at this time and will inform the Court if it appears that ADR might be useful at a later date. Both parties are willing to explore ADR after the close of discovery and resolution of any dispositive motions.

  Defendant would be amenable to neutral case evaluation-type ADR after initial disclosures and damages evidence are received from the plaintiff. Defendant believes that cost and resource savings would be achieved for both parties if a temporary stay of discovery were to be instituted at the time ADR is explored.

  Plaintiff is inclined toward mediation -- either through the Court's mediation program or through a Magistrate Judge -- rather than neutral case evaluation. Plaintiff does not oppose staying discovery while the parties attempt to resolve this dispute through mediation.

  6. **Resolution by Summary Judgment.** Defendant anticipates filing a motion for summary judgment after the close of discovery. Plaintiff does not believe that this case is amendable to resolution on summary judgment as there are here numerous issues of material facts in genuine dispute -- including multiple cases of witness credibility. The parties agree, however, that any motions for summary judgment will be filed within 60 days after the close of

discovery, with responses to such motions to be filed within 45 days thereafter, and replies to such responses within 14 days after receipt of opposition briefs. The parties request that the Court render its decision on any motions for summary judgment at least 30 days prior to the pretrial conference.

    7.    **Initial Disclosures.** The parties agree to exchange initial disclosures 30 days after the issuance of a scheduling order.

    8.    **Limitations on discovery.**

        **(a)**    **Number of interrogatories.** Twenty-five per side.

        **(b)**    **Number of depositions.** Five per side should be sufficient.

        **(c)**    **Duration of depositions**. Each not longer than seven hours, with two exceptions raised by Defendant:

        1.    Plaintiff has already deposed ten FDIC officials over several weeks and for several of those depositions (each of which lasted several hours) plaintiff stated her intent to continue the depositions to complete them. If any are continued, the parties agree that the seven hour limitation is not to be used to extend the overall time (including EEOC deposition time) of any deponent's examination, but will establish a limitation.

        In addition, Defendant requests that plaintiff not be permitted to re-examine the same facts that were pursued in the previous depositions of the same witnesses, nor should she be permitted to "re-examine" witnesses already completed in the EEOC discovery process.

        While Plaintiff does not intend to "replow the same field", with any witness she "re-deposes", there might well be a need to "re-examine" such a

witness on a few points.  Thus, plaintiff objects to any blanket rule that she "not be permitted to re-examine the same facts that were pursued in the previous depositions of the same witnesses."

      2.     Defendant requests a minimum of two seven-hour days to take plaintiff's deposition because she is the key factual witness to support her allegations concerning scores of factual issues she has raised during the administrative discovery process.  Defendant submits that it will take longer than one day and may take more than two days to complete plaintiff's deposition on the numerous and diverse subjects she alleged in her complaint, the administrative process, and with the host of FDIC witnesses already deposed.

For her part, plaintiff opposes any general exception to the seven-hour limitation on each deposition of LCvR 26.2(c) for defendant's taking plaintiff's deposition.  If defendant actually needs additional time -- beyond a full day -- in order to fully depose plaintiff, he can ask for it at that point and provide specific justification then.  At this point, the "justification" offered for deposition time beyond a full day is hypothetical, particularly since the claims here involve actions taken against plaintiff in which, for the most part, she was not involved as an "actor" and thus has only limited knowledge of what went on.  It is plaintiff's position that defendant can ask to have the limitation expanded if and when such and extension of time is actually needed and can be justified, and this position is wholly consistent with the purpose of LCVR 26.2(c).

**(d)**    **Need for protective order.**  Because sensitive governmental, personnel, personal and/or medical information has been and will continue to be produced by both

parties, the parties will submit an appropriate protective order for the Court's approval.

(e) **Date for completion of discovery.** The parties believe that 180 days from the entry of a scheduling order should be sufficient for the completion of discovery.

9. **Exchange of Expert Witness Information.** The parties propose that plaintiff's expert(s) be designated no later than 90 days after the completion of initial disclosures, and that defendant's expert(s) be designated no later than 30 days thereafter. The parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts shall apply.

10. **Class Action Procedures.** Not applicable.

11. **Bifurcation of Trial and/or Discovery.** Bifurcation does not appear to be needed in this case.

12. **Date for Pretrial Conference.** Both parties request that the Court set a pretrial date at a time that is convenient for the Court and no sooner than three months from the end of discovery -- and leaving additional time for post-dispositive motion/post-discovery ADR. Further, the parties request that the Court set a pretrial conference date at least 30 days *after* its ruling on motions for summary judgment filed in accordance with paragraph 6 above, or at least 30 days after the cut-off date for filing dispositive motions if no such motions are filed.

13. **Trial Date.** Plaintiff requests that a trial date be set at the same time the Court sets the date of the pretrial conference. If the pretrial conference date is not set until *after* a ruling on dispositive motions, defendant agrees with plaintiff.

However, if the Court chooses to set a pretrial conference date now, with its LCVR 16.3 Order, then defendant requests that the Court *not* set a trial date until the parties meet for the pretrial conference, as it is inevitable that any pre-set dates will have to be postponed to

- 7 -

accommodate time for this Court to rule on anticipated motions, to exhaust mid - discovery or post-motion ADR, or to accommodate other unforeseen circumstances in the case.

For the sake of expedition, and to make the pretrial conference meaningful, plaintiff urges the Court to set the trial date at the same time it sets the date for the pretrial conference.

**14.    Other Matters.**  None.


Respectfully submitted,


| /s/ DHS | /s/ DLB |
|---|---|
| David H. Shapiro | Dina L. Biblin |
| D.C. Bar No. 961326 | D.C. Bar No. 270298 |
| SWICK & SHAPIRO, P.C. | Sr. Litigation Counsel, Legal Division |
| 1225 Eye Street, N.W. | FEDERAL DEPOSIT INSURANCE CORPORATION |
| Suite 1290 | 3501 N. Fairfax Drive, D-7050 |
| Washington, D.C. 20005 | Arlington, VA 22226 |
| Tel. (202) 842-0300 | Tel. (703) 562-2372 |
| Fax (202) 842-1418 | Fax (703) 562-2477 |
| email - dhshapiro@swickandshapiro.com | email - dbiblin@fdic.gov |
| Attorneys for Plaintiff | Attorney for Defendant |

Dated:   May 23, 2006