UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

==Markup 10-31-06 showing areas of disagreement==

| | |
|---|---|
| JANET W. ROBERSON, <br><br>      Plaintiff <br>v. <br><br>SHEILA C. BAIR, Chairman <br> Federal Deposit Insurance Corporation, <br><br>      Defendant | Civil Action No. 06-0282 (RWR / JMF) <br><br>**AGREED PROTECTIVE ORDER** |

      The Complainant, Janet Roberson, and the Defendant Sheila C. Bair, Chairman of the Federal Deposit Insurance Corporation ("FDIC"), hereby stipulate and agree that discovery in the above-entitled action may involve the production of information which the parties may consider to be sensitive, confidential, personal, and/or protected by statutory or other legal privilege. The parties further stipulate and agree that the Court should enter an order that the following procedures shall govern the production, exchange, and maintenance of all documents, testimony, answers, interrogatories, and other information produced, given, or exchanged by the parties and any third parties subject to discovery in this action:

**Purpose and Scope**

      1. Discovery in this action may involve disclosure of confidential personal, medical, and financial information. It may also include personal information regarding the FDIC's past, present or future employees, including, but not limited to, home address and telephone number, performance evaluations, disciplinary records, family information, or any other information for which an employee has a reasonable expectation of privacy. Such confidential Information may be

subject to the confidentiality requirements of the Privacy Act of 1974 ("Privacy Act), as amended, 5 U.S.C. 522a, or to the FDIC's regulations pertaining to the disclosure of information published at 12 C.F.R. Parts 309 and 310. This protective order ("Order") therefore is entered to protect against unauthorized disclosure of such information and to ensure that such information will be used only for purposes of this action. This Order shall govern all information (whether in writing, in electronically readable form, or otherwise), interrogatory responses, responses to requests for admission, documents produced in response to requests for production or voluntary production of documents, deposition testimony, including but not limited to all copies, excerpts, and summaries thereof or materials derived therefrom, and all other material and information produced, given, filed, or otherwise used in the course of pretrial discovery and other proceedings in this action, and any motions, briefs, or other filings incorporating such information (collectively, "Discovery Material"). Nothing in this Order is intended to prevent or limit the use of designated confidential discovery material at trial to the extent it is admissible as evidence; nor is this Order intended to determine evidentiary issues at trial.

2. The provisions of this Order shall apply to (a) the parties presently named or later joined in this action, including, officials, managers, employees, and agents and (b) experts or consultants retained by the parties for the purpose of this litigation, and (c) any other person or entity who produces or receives Discovery Material in this action and agrees to be bound by the terms of this Order.

**Designation of Materials**

3. The producing parties or their counsel may designate any Discovery Material as "Confidential" or "Highly Confidential" (collectively, "Confidential Discovery Material"). It shall

be the duty of the party or a third party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the Confidential Discovery Material to be covered hereby, and the level of confidentiality invoked.  The duty of the other parties and of all persons bound by this Order to maintain confidentiality hereunder shall commence with such notice.  It is understood that designations of "Confidential" or "Highly Confidential" will be made in good faith.

### Disclosure

4.   Except with the prior consent of the producing party or upon prior order of a U.S. District Judge or a U.S. Magistrate Judge, (hereinafter, "Judges" or "either Judge"), Confidential Discovery Material shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.  A non-producing party shall not, except with the prior consent of the producing party or witness or by order of either Judge, use Confidential Discovery Material for any purpose other than for the purpose of preparing for and conducting the litigation of this civil action and any appellate proceedings regarding or concerning this civil action, and disclosure of any Confidential Discovery Material shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal regarding or concerning this civil action.

### Discovery Material Designated "Confidential" Or "Highly Confidential"

5.   Except with the prior consent of the producing party or upon prior order of either Judge, Discovery Material designated as "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this civil action:

    (a)   The District Judge or Magistrate Judge, persons employed by the Court and stenographers transcribing the testimony

3

FDIC Motion for Protective Order
Exhibit 1

or argument at a hearing trial, or deposition in this action or any appeal therefrom;

 (b) counsel for the parties in this action, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, and clerical employees, and outside services (including, copy services, courier services, litigation consulting services, document management services, and graphics services) who are assisting counsel in the prosecution, defense and/or appeal of this action; and who are under counsel of record's control and instructions

 (c) independent experts and consultants (defined as having no current or past relationship with any party other than in this action) retained, employed, or informally consulted by counsel in connection with the prosecution, defense, and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action; and

 (d) the plaintiff.

Discovery Material designated "Highly Confidential," and any deposition transcript from this or the prior administrative U.S. Equal Employment Opportunity Commission ("EEOC") litigation, which was specifically marked and separately bound as "confidential" shall not be disclosed directly or indirectly by the person receiving such material except to the Judges, counsel for the parties on this case, and independent experts and consultants, as defined by sections (a), (b), and (c) of this paragraph; provided, however, such material may be released to the Complainant only at the office of or in the company of her attorney or in the context of a legal proceeding in which the document is used, such as a deposition, and she may not maintain copies of it outside of the office of her attorney.

## Non-Disclosure

6. Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Order. If

Confidential Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such Confidential Discovery Material and to prevent further disclosure or it or by the person who inappropriately received such Confidential Discovery Material.

    7.  Material designated as "Confidential" or "Highly Confidential" shall not be disclosed to any persons designated in Paragraph 5(b) or 5(c) or 5(d) unless they have first read this Order and have agreed in writing to be bound by the terms hereof not to disclose any such Confidential Discovery Material to anyone other than another person specified in Paragraph 5 who has read this Order and agreed in writing to be bound hereby, and to utilize such Confidential Discovery Material solely for the purpose of proceedings in this civil action.  A statement written on the bottom of a copy of this Order to the effect that such a person agrees to be bound by the terms hereof, accompanied by said person's signature, printed name, address, and telephone number, and the date thereof, shall constitute such an agreement.

### Designation of Written Discovery Material By Party or Witness

    8.  Any producing party or witness shall designate Confidential Discovery Material at the time of its production by marking any original or copies of the documents or other tangible materials with  the legend "Confidential" or "Highly Confidential" or a substantially similar legend at the time of their production, or in the case of testimony, by designating his/her on-the-record statements as "Confidential" or "Highly Confidential" at or about the time such statements are made.  After the date of production, the producing party or witness shall have 30 additional days in which to

5

designate as Confidential Discovery Material documents or tangible materials that were not previously designated as such at the time they were produced.

In the interest of expediting discovery and designations, the following materials shall be constructively designated (without the necessity for individual notation) as "Confidential" or "Highly Confidential":

> (a) All material from official personnel files, or administrative investigation files that involve personal data (i.e. Social security Numbers, home addresses, home telephone numbers, maiden names, medical information, investments or financial holdings) shall be treated as Highly Confidential;
>
> (b) Transcripts of and information conveyed in "confidential" designated portions of depositions, in this matter and during administrative proceedings under the EEOC regulations, shall be treated as Highly Confidential;
>
> (c) "Sensitive and personal data" from the administrative EEOC investigation files in this action shall be treated as Confidential;
>
> (d) all medical data produced in this civil action concerning the plaintiff, shall be treated as Highly Confidential.
>
> (e) The portion describing proposed witness testimony, contained at pages 1-32 of Plaintiff's Initial Disclosures, dated June 26, 2006, which were delivered to the FDIC but not filed publicly in this case, shall be treated as Confidential.

These constructive designations may be altered by agreement of the parties or if an attempt to agree is unsuccessful, may be the subject of a motion under Paragraph 10, *hereof*.

### Designation of Testimony By Party or Witness

9. Any party or a non-party witness to this civil action shall have 30 days from the date of receipt of a copy of a deposition or other transcript in which to designate all or portions of the testimony as "Confidential" or "Highly Confidential." Such designation shall be made after transcription by sending written notice identifying the information to be so designated by page and

line numbers to counsel of record within the 30-day time period.

## Disputes

10.     Any party may object to the designation of particular discovery material as "Confidential" or "Highly Confidential" by giving written notice to the party or witness making the designation and to all other parties.  Such notice shall identify with specificity the Confidential Discovery Material to which the objection is directed and the basis of the objection.  If there is a dispute, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting *in camera* review and a ruling by an appropriate assigned Judge.  The party making the designation or any other party shall then file opposition papers in support of the designation.  The disputed Discovery Material shall be treated as originally designated pending a ruling from the appropriate Judge.  In any proceeding under this paragraph, the party making the designation shall have the burden of persuasion that the challenged Discovery Material is entitled to the protection of the claimed designation.

11. The authorization contained herein for the designation of information as "Confidential" or "Highly Confidential" is intended solely to facilitate the litigation of this civil action, and such designations shall not be construed as admissions or stipulations that such information constitutes or contains confidential or secret information.

## Court Filings

12. All transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed in this action which have previous thereto been designated as comprising or containing Confidential Discovery Material, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriate sealed containers which shall not be opened until further order

of either Judge.  If either party believes that material filed under seal should not have been so filed, then the parties shall confer on the issue.  If the parties agree that the material should not be under seal, then the material can be re-filed in the usual manner.  If the parties do not agree, then the party challenging the sealed designation may file a motion with the appropriate Judge, and the burden shall be on the party supporting "under seal" designation to demonstrate that the material is properly filed under seal.

13.  In the event that any material designated as Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, it shall not lose its status as Confidential Discovery Material through such use, except to the extent said material is admitted into evidence by the Court.

### Return of Discovery Material

14. All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of the litigation of this civil action and associated appeal until further order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of documents or other information produced in this litigation as "Confidential" or "Highly Confidential," shall, at the request of the producing party made within 45 days of a final, non-appealable judgment, be returned to the party within a reasonable amount of time or destroyed in that time frame, except that lead counsel of record for each party may maintain in his files one copy of each pleading or other paper filed with the court, each written discovery request and response thereto, each deposition together with the exhibits marked at the deposition, and one copy of each document designated as Confidential Discovery Material or documents embodying information from them, to the extent they include or reflect attorney's work product, ==for the limited purpose of resolving disputes over counsel's representation or the use or dissemination of==

Confidential Discovery Material. Any analyses, memoranda or notes (excluding indices that do not summarize the substance of Confidential Discovery Material) which were internally generated based upon Confidential Discovery Material shall be destroyed. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its counsel shall certify in writing that all such documents have been returned or destroyed, as requested.

### Segregated Portions

15. Where only a portion of a document or transcript contains Confidential Discovery Material, the parties, to the extent reasonable and practical, shall only designate those confidential portions of the document or transcript as "Confidential" or "Highly Confidential." The producing party, however, shall have no obligation to segregate such designated information into a separate document or transcript.

### No Waiver

16. Except as specifically provided in this Order, neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall constitute a waiver of any claim or defense in this action. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this civil action. Nothing contained in this Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an admission by a party opponent. Except as specifically provided in this Order, the failure of a party to object to or to challenge a designation by another party of

Discovery Material as "Confidential" or "Highly Confidential" shall not constitute an admission that the materials so designated are in fact confidential, or are entitled to any legal protection.

17. If any party wishes to disclose any material designated as "Confidential" or "Highly Confidential" to any persons not referred to in Paragraph 5 of this Order, they may seek written permission from the producing party or an order allowing such disclosure from either Judge. This Order does not alter the rule ordinarily governing a judicial determination regarding whether a protective order is warranted.

### Inadvertent Failure to Designate

18. Inadvertent failure to designate materials as Confidential Discovery Material at the time of production may be remedied by supplemental written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated or redesignated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. The party receiving such after the fact notice of designation as Confidential Discovery Material shall make a reasonable good faith effort to ensure that any material or information (or analyses memoranda or notes that were generated based upon such material or information) shall immediately be treated in conformance with any such designation as Confidential Discovery Material.

### Inconsistent Designations

19. In accordance with inadvertent failure to designate materials as "confidential discovery material" contained in Paragraph 18, above, in the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most

restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated materials of the inconsistent designation; however, if any person subject to this Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, that person shall treat all copies in accordance with the most restrictive designation.

### Motion for Modification

20. This Order may be amended without leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed with the Court. This Order is intended to regulate the handling of Confidential Discovery Material during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an order of the Court, except to the extent such designated confidential material has been admitted into evidence at trial.

### Order Applicable to Non-Parties

21. This Order shall be fully applicable to materials produced by or depositions taken of non-parties.

### Termination of Proceedings

22. Upon termination of the conclusion of all proceedings arising out of this civil action, including any appeal concerning or relating to this civil action, the parties shall return or destroy all Confidential Discovery Materials or information that they received in connection with the prosecution or defense of this civil action, including all copies of such material which may have been made, except as provided by paragraph 14 of this Order.

23. The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

**Effective When Signed by the Parties**

24.     Until such time as this Agreement has been signed and entered by the Court, the parties hereto hereby agree that upon execution of it by them, this Agreement will be treated as though it had been signed and entered by the Court and will honor the terms hereof.  This Protective Order is entered pursuant to the Privacy Act, 5 U.S.C. § 552a (b) (11), and FDIC's disclosure regulations, published at 12 C.F.R. § 309.6(b)(8).

Respectfully Submitted:

_____          _____
Dina L. Biblin, DC Bar No. 270298         David H. Shapiro, DC Bar No. 961326
Sr. Litigation Counsel                    Swick & Shapiro, P.C.
FDIC Legal Division                       1225 Eye St. NW
3501 N. Fairfax Drive. VS-D-7050          Suite 1290
Arlington, VA 22226                       Washington, DC 20005
Tel: 703-562-2372    Fax: 703-562-2477    Tel:  202.842.0300; Fax: 202.842.1418
Email: Dbiblin@fdic.gov                   Email: dhshapiro@swickandshapiro.com

Attorney for Defendant                    Attorney for Plaintiff


SO ORDERED this ____ day of _____, 2006.

                                          _____
                                          JOHN M. FACCIOLA
                                          UNITED STATES MAGISTRATE JUDGE