# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON, | Civil Action No. 06-0282 (RWR / JMF) |
| Plaintiff | |
| v. | **DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S EXPERT REPORT** And |
| SHEILA C. BAIR, in her capacity as Chairman, Federal Deposit Insurance Corporation, | **FOR EXTENSION OF TIME TO SERVE DEFENDANT'S EXPERT REPORT or IN THE ALTERNATIVE TO STRIKE** |
| Defendant | |

## MOTION

The defendant, SHEILA C. BAIR, by counsel, hereby moves to compel production of the F.R.Civ.P. 26(a)(2) Report and underlying data for plaintiff's designated expert / treating physician witness, Dr. Maria Bella Natividad. The Plaintiff's Rule 26(a)(2) report was due on September 25, 2006, but a proper report has never been provided pursuant to the rule, despite requests by defendant's counsel.

In the alternative, the FDIC moves to strike Dr. Natividad as a witness for plaintiff in this action, as she is being used by plaintiff to provide a medical opinion as to the nature and cause of plaintiff's alleged medical and psychological injuries as plaintiff's treating physician.

Defendant further requests that she be provided an extension of time to provide her expert witness designation and report until after this Court rules on the instant Motion, as well as the defendant's motion under F.R.Civ.P. 35 for an independent medical examination by experts in the psychiatric profession.[1]

Pursuant to LCvR 7(m), defendant's counsel conferred with plaintiff's counsel, David

---

[1] This is one of several discovery motions defendant is presenting over the next few days in this matter. This information is provided for the Court's assistance and efficiency in resolving these matters. A related motion for Protective Order was filed by the defendant on November 7, 2006, Dkt. # 13.

Shapiro, concerning the relief requested, but counsel has delayed over a month in providing a proper report and has refused to provide medical data and other information required by Rule 26(a)(2)(B). Mr. Shapiro has represented that Dr. Natividad is merely a treating physician and that Rule 26(a)(2) does not apply. Plaintiff also refuses to provide a release for any of her medical records while simultaneously putting her mental health at issue in this case, and refuses to submit to a medical evaluation by a psychiatrist and/or psychologist designated by the defendant. Mr. Shapiro has not responded to FDIC Counsel's Nov. 8 request for his agreement as to the defendant's motion for an extension of time to produce her expert report and designations, therefore the undersigned assumes that is contested as well.

As basis for this motion, defendant relies upon F.R.Civ.P. 26(a)(2), F.R.E. 701 - 703, and the accompanying Memorandum of points and authorities.

* * * * *

## MEMORANDUM OF LAW

1. Under this Court's Scheduling Order, Dkt. #8, the plaintiff was supposed to designate her expert witness and provide a Rule 26(a)(2) report by September 25, 2006, with the defendant's report to be provided on November 10, 2006.[2]

2. In the plaintiff's Initial Disclosures, she identified one Maria Bella Natividad, M.D. who would testify concerning "plaintiff's emotional stress and depression, and it [sic] cause – the mistreatment accorded at her work; and treatment of plaintiff for depression and stress." Plaintiff's Initial Disclosure at page 23.

3. On September 25, plaintiff's counsel David Shapiro sent an E-mail to FDIC counsel Dina Biblin, informing her that Dr. Natividad's expert report was not yet available due to a "printer

---

[2] Since November 10 is a federal holiday, the next filing date would be November 13, 2006.

problem," but went on to explain in detail what he expected Dr. Natividad's report to show.  He

promised to get the report as soon as possible.  *See,* email to Dina Biblin from David Shapiro dated

September 25 at Exhibit 1, attached.  Based on the date of the communication, FDIC counsel Biblin

understood Dr. Natividad to be providing an expert report pursuant to Rule 26(a)(2).

4.    On September 29, 2006, FDIC counsel Biblin again inquired about the expert report and was

informed Mr. Shapiro had not received it from Dr. Natividad.

5.    It was not until October 4, 2006, during Ms. Roberson's deposition, that plaintiff's counsel

provided FDIC counsel a one paragraph letter from Dr. Natividad, backdated to September 25,

2006, and marked in handwriting "highly confidential." [Exhibit 2, submitted separately under seal.]

Although plaintiff has eschewed the need for a protective order in this case, the "highly

confidential" designation on the Natividad report is a procedure contemplated by the draft Protective

Order negotiated by the parties prior to plaintiff changing her mind.  *See*, FDIC Motion for

Protective Order at Dkt. # 11.  For that reason, the defendant has not submitted the report as an

Exhibit to the filed portion of this Motion, but will mail it to the Court separately under seal.

6.    The letter states in conclusory fashion that Ms. Roberson was treated with medications by

Dr. Natividad, her primary care physician, for "depression/anxiety" and opines that Ms. Roberson's

depression and anxiety will "likely go away . . . if retaliatory actions against her cease and she can

work in a more normal, professional, environment."

7.    FDIC counsel reiterated to Mr. Shapiro her belief that the Natividad letter is deficient for

purposes of permitting Dr. Natividad to provide testimony at trial on the subjects disclosed.  Mr.

Shapiro asked specifically what was wrong with the report, and Ms. Biblin referred him to

F.R.Civ.P. 26.  Later in the day on October 4, Mr. Shapiro stated that Dr. Natividad might be a

treating physician and/or an expert, and that he would think about that and let Ms. Biblin know.

8.  Also on October 4, Ms. Biblin delivered a draft Release to plaintiff's counsel and asked that it be executed by Ms. Roberson so that medical records from Dr. Natividad and others could be requested in discovery.  Mr. Shapiro said that the release would not be signed until after a protective order was finalized by the parties.  *See*, FDIC's related Memorandum in Support of Motion for a Protective Order, filed in this matter at Docket #11.

9.  A few weeks later, after several inquiries about the report from Ms. Biblin, Mr. Shapiro stated that Dr. Natividad was only a treating physician and denied that the Rules require her to submit anything more for her report.  Despite earlier representations that medical records would be forthcoming, Mr. Shapiro changed his position and on November 2, 2006, over a month after the report was due, informed Ms. Biblin by letter that he might provide a selection of Dr. Natividad's treating notes on Ms. Roberson, but no other records, and that he no longer intended to provide a release for Ms. Roberson's medical records from Dr. Natividad or any other physician who may have treated her for stress or depression.

10.  To date, the plaintiff has not provided a supplement to the letter from Dr. Natividad, nor even the treating physician's notes that were promised on November 2, 2006.  The failure to produce same as contemplated by the Scheduling Order, which was designed to enable the defendant to review the report and determine whether or not she would designate an expert after said review, leaves the defendant with insufficient information with which to even consult with an expert.  *See,* Letter to David Shapiro from Dina Biblin dated November 8, 2006, attached as Exhibit 3.

11.  By letter to Mr. Shapiro, [Exhibit 3, attached], Ms. Biblin asked his consent for additional time in which to file her expert designations, in that she is unable to obtain sufficient information from what has been provided thus far to determine whether she will need an expert and in any event, will need to petition the Court for a Rule 35 examination of the plaintiff.  At the time of this writing,

she has received no response.

12.  Because of the insufficient information defendant has received concerning the plaintiff's treating expert physician, at a minimum, defendant Bair seeks additional time to file her expert designations, which currently are due on November 13, 2006.  Specifically, defendant wishes an appropriate amount of time after this Court determines whether Dr. Natividad will be permitted to testify at all, and if so, whether and when defendant will be able to review any medical basis for her opinion, and whether defendant will be able to have its expert evaluate Ms. Roberson pursuant to F.R.Civ.P. 35.  (Separate motion to follow).

* * *

ARGUMENT

I.   Dr. Natividad's "Report" is insufficient under F.R.Civ.P. 26(a)(2), thus justifying relief to defendant.

Dr.  Natividad's letter opinion does not meet the standards required of F.R.Civ.P. 26(a)(2), in that it does not include the basis and reasons for the opinion, the data or other information considered by Dr. Natividad in forming the opinions, the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for her report and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. F.R.Civ.P. 26(a)(2).

The disclosure rule under 26(a)(2) is designed:

> to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial.  See Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C.2003) (noting that "the very purpose of the rule is nullified" when an expert "supplements" his report by addressing a new matter after discovery has ended).  The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony.  See Keener v. United States, 181 F.R.D. 639, 641 (D.Mont.1998).

Minebea v. Papst, 231 FRD 3, 5-6 (D DC 2005).  Plaintiff's failure to permit that disclosure as required by the rule has hampered the defendant in determining whether and whom to designate as an expert witness, let alone providing information for that expert to review.  Plaintiff's failure to permit a medical release of any type is contrary to the purpose of Rule 26 disclosures.

The Natividad "report" does not even identify the identity of the medication or amount that plaintiff is taking or has been prescribed.  There is no discussion of any "talk therapy" being performed by the doctor, and in fact, plaintiff denied receiving any such treatment from Dr. Natividad.[3]  Even a treating physician should reveal the nature of the treatment, number of visits, frequency of symptoms, medications prescribed, etc.  Defendant had been told more information would be forthcoming as recently as October, and seeks this court's assistance in obtaining the medical backup for Dr. Natividad prior to taking Dr. Natividad's deposition, so as not to waste resources.[4]

The lack of backup information, including medical treatment records on which Dr. Natividad relies, impedes the defendant's plan to depose Dr. Natividad prior to the close of discovery in this case, as well as impedes defendant's ability to determine how and which expert the defendant should employ for its own expert report.  This report is due on November 13, 2006, thus causing defendant to file the instant motion.

At a minimum, defendant asks for an extension of time, based on the dearth of information

---

[3]  Plaintiff admitted in deposition that she also receives psychotropic medication from her gynecologist, who is not a certified psychologist or psychiatrist.

[4]  Plaintiff has already declined to produce relevant documents (her initial disclosure documents, for example) prior to her deposition when they had been requested well before October 4.  As such, defendant was forced to waste nearly 50% of the deposition time asking questions about documents which were not available for review, were not produced at deposition, about which plaintiff had little specific recall, and which to date still have not been produced in full.  This will be the subject of a separate motion to continue the plaintiff's deposition for a second day, to be filed shortly.

provided, to take Dr. Natividad's deposition (after receiving the information requested) and to determine whether or not defendant will require its own expert.  For that reason, the defendant requests this court for an extension of time to designate defendant's expert for 30 days after the plaintiff has provided the information requested about Dr. Natividad, as well as released her own medical information for review by the defendant's potential experts and/or for this Court to determine whether or not such data will be forthcoming. [5]

The lack of information in the letter, combined with plaintiff's own abject refusal to permit the defendant to review medical records and her failure to provide even treatment notes from Dr. Natividad should disqualify this witness from testifying in any capacity, especially since this report was due on September 25, 2006.

II.  Dr. Natividad is not being submitted to testify only as a lay witness.

The FDIC recognizes and acknowledges that plaintiff's counsel has represented that Dr. Natividad will testify only as a treating physician.  However, under the circumstances, that does not relieve her from providing the same type of disclosures as would be required of an expert.  Dr. Natividad is clearly being offered by plaintiff to testify concerning her medical opinion of the plaintiff's diagnosis, treatment, prognosis, and cause of the alleged depression and anxiety.  *See,* paragraph 6, *supra*.

In this jurisdiction, even a treating physician must provide a Rule 26 opinion if providing a diagnosis and opining as to a cause for plaintiff's injuries.  Judge Bates of this District held that a treating physician crosses the line into F.R.E. 702 expert testimony once she expresses opinions concerning causes and prognosis for treatment.  In Bell v. Gonzales, 2005 WL 3555490 (D.D.C.

---

[5]  A related motion for a Rule 35 examination of the plaintiff is also to be filed shortly by the defendant.

Dec. 23, 2005), Judge Bates excluded the testimony of plaintiff's treating physician where she was to discuss the diagnosis and causes of plaintiff's depression, which required specialized medical training and knowledge beyond the lay person's ken and beyond what she as a lay person could directly observe of symptoms. Slip at 13 - 14.

Here, Dr. Natividad's "report" and the plaintiff's disclosures reveal she is purporting to provide a medical opinion on prognosis and causation, however inadequate it appears. To opine as to plaintiff's medical condition and its causes, or worse, "alleged mistreatment at work," are matters that cross over into expert opinion under F.R.E. 702, and not the more limited lay opinion permitted under F.R.E. 701. Her purported testimony concerning medication provided for treatment should also be explained in more detail in the report, as this type of testimony is based on Dr. Natividad's alleged expertise as contemplated by Rule 702. Notably, her report does not even reveal the nature of medications prescribed, nor any detail of the treatment she has accorded to the plaintiff.

The Rules of Evidence anticipate that a treating physician may be subject to the requirements for disclosure of a specifically retained expert when providing such a medical opinion. The 2000 amendments to F.R.E. 701 specifically exclude a lay opinion which is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." As the Committee Notes to Rule 701 state:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.

*See also,* discussion in <u>Bell v. Gonzales</u>, *supra*, Slip. At 12. It should be noted that in *Bell,* unlike the present case, the plaintiff's counsel expressly disclaimed that he would proffer the treating physician on the issues of the source of plaintiff's stress or the cause of her depression or other emotional harm. *Id.* at 11.

In contrast to the *Bell* case, plaintiff Roberson proffered Dr. Natividad's testimony on the issue of diagnosis of "depression/anxiety" and its causes from the workplace, which constitute Rule 702 expert opinion, assuming that opinion is supported by appropriate skill, experience, training, and data, and is made on the basis of reliable methodology in the field. This is not "lay opinion" contemplated by Rule 701. Other Districts, notably the N.D. Illinois, agree with this approach and have stricken treating physician testimony for failure to provide a basis for an expert opinion presented. *See*, Griffith v. NE Illinois Regional Commuter RR, 223 F R D 513 (N.D. Ill. 2006).

The FDIC recognizes that some cases in this District suggest that an expert report is not required if the testifying physician is not retained specifically as an expert. Kirkham v. Societe Air France, 236 F.R.D. 9, 11 (D.D.C. 2006). In that case, Judge Bates indicated that among the factors he would like to review for his determination of whether an expert report is required, would be whether the treating physician developed his relationship with the plaintiff and his opinions, close to the time of litigation or at the request of counsel. To resolve this thorny issue, Judge Bates required additional information of the treating physician, including a number of factors which are already required by Rule 26(a)(2) and which the defendant has specifically requested from the plaintiff. *Id.* at 13.

Notably, in Judge Bates' prior decision in Bell v. Gonzales, *supra*, he opined that when a treating physician crosses over into expert testimony a Rule 26(a)(2) report may be required. *Bell,* at 12. He stated that the treating physician's testimony discussing treatment of the plaintiff for depression with Paxil is properly characterized as expert testimony because it relies on specialized medical training outside of the average juror's sphere of knowledge. *Id.* He distinguished pre-2000 cases which did not require a treating physician to testify without an expert report. *Id.* at note 13. And he specifically *excluded* the treatment physician's testimony on the nature of what may have

exacerbated plaintiff's symptoms for which the physician had been treating plaintiff previously.

Even looking at the *Kirkham* criteria, Dr. Natividad's prior medical treatment of plaintiff appears to be as a general practitioner. It was not until March of 2003, once plaintiff *filed* her EEO complaint in this case, that Dr. Natividad states she began to treat plaintiff for depression and anxiety. This tends to suggest that Dr. Natividad was asked by plaintiff to consult in this case for the purpose of assisting the plaintiff in proving her damages, even though she had treated plaintiff previously for other general medical issues. (Dr. Natividad is not a mental health professional.) In addition, as noted previously, her opinion crosses the line into expert opinion, since she is also planning to testify about causes and prognosis, which are inherently based on "scientific, technical or other specialized knowledge." *Bell* at 12-13.

Under the standards in this district, therefore, a Rule 26(a)(2) report, with underlying medical information, should be required in this instance to examine that theory before time is wasted in a deposition. The "treating physician" designation for Dr. Natividad does not relieve the plaintiff of providing appropriate discovery concerning the underlying bases for Dr. Natividad's opinions, including a full report and release of medical data examined.

Again, plaintiff's failure to provide such a report and refusal to provide medical information of any nature in discovery should preclude the plaintiff from using Dr. Natividad or any other unnamed medical professional as evidence to support her damages in this case.

III.  A Rule 26(a)(2) report is needed to test reliability under the Daubert standards.

Without first obtaining the report required by F.R.Civ.P. 26(a)(2), defendant would be wasting both counsels' time deposing Dr. Natividad. Moreover, with so little to review, the defendant has no information with which to consult her own psychiatric experts. Nor can the

defendant test Dr. Natividad's opinion as to whether it is based on sufficient facts or data, and the product of reliable principles and methods, which the witness herself must have applied to the facts of the case.  F.R.E. 702.

This court has responsibility as a "gatekeep[er]" to prevent unfounded opinions from being presented to the trier of fact in the guise of "expert" testimony. <u>Daubert v. Merrell Dow Pharm., Inc</u>. 509 U.S. 579, 589, 589 n. 7, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).  <u>Kumho Tire Co. v. Carmichael</u>, 119 S.Ct. 1167 (1999).  "The parties have the obligation to provide the court with the information that is needed to fulfill that role.  The court must have serious reservations about allowing a witness who is unable or unwilling to provide the information required by Rule 26(a)(2)(B) to testify to opinions on issues as important as . . . [causation and prognosis]."  <u>Sowell v. Burlington Northern and Santa Fe Railway</u>, 2004 WL 2812090 (ND Ill. 2004).  *See also*, <u>Griffith v. NE Illinois Regional Commuter RR</u>, *supra* at 516 - 518.

The one paragraph Natividad letter is little more than a self-serving hearsay statement of the plaintiff, leaving any testimony from Dr. Natividad to be solely repetitive of whatever the plaintiff states about her own treatment.  (i.e., Ms. Roberson visited her general practitioner physician, she was given psychotropic medication, and she has self administered it.).

Dr. Natividad should not be permitted to testify as to a medical opinion of diagnosis, prognosis, and causation without an expert report.  Without any data to support it, which plaintiff is refusing to provide, Dr. Natividad should not be permitted to testify to the matters identified in the plaintiff's initial disclosures – that is – to the diagnosis of plaintiff's alleged depression, and to its cause being her work at the FDIC.

* * * * *

For the foregoing reasons, the defendant moves to compel a Rule 26(a)(2) report for Dr.

Natividad, and further requests that plaintiff provide the underlying medical data for that report, and release other related medical data to the defendant.

If this Court orders an expert report, defendant requests additional time after the current close of discovery, if necessary, to depose Dr. Natividad, and further, the defendant requests an additional 30 days from the time of production to consult with an expert and to submit her own expert report and designations. Defendant notes that she will shortly be filing a related motion for a F.R.E. 35 examination of plaintiff, which would also be used as a basis for the defendant's expert report.

In the absence of that information, the defendant asks that the testimony of Dr. Natividad be stricken from this case and that she not be permitted to testify at trial.

Dated: November 9, 2006                            Respectfully submitted,

                                                   _s/ Dina L. Biblin_____
                                                   DINA L. BIBLIN,    DC Bar # 270298
                                                   Sr. Litigation Counsel, Legal Division
                                                   FEDERAL DEPOSIT INSURANCE CORPORATION
                                                   3501 N. Fairfax Drive (VS-D-7050)
                                                   Arlington, VA 22226
                                                   (703) 562-2372; fax: (703) 562-2477
                                                   Email: DBiblin@fdic.gov

                                                   Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with ECF and delivered by Electronic Mail attachment to David H. Shapiro on November 9, 2006

/s/ Dina L. Biblin