| | |
|---|---|
| **From:** | David Shapiro [mailto:dhshapiro@swickandshapiro.com] |
| **Sent:** | Monday, September 25, 2006 8:51 PM |
| **To:** | Biblin, Dina L. |
| **Subject:** | Expert Witness report and other discovery matters |

Dina:

I am still waiting for my client's treating physician to provide us with a report (I informed that her printer was "down" and that caused a slight delay), and will get it to you just as soon as I receive it.

For your information, however, Ms. Roberson's treating physician (and expert witness on damages) is Maria Bella Natividad, M.D., (Internal Medicine) of the Advent Health Group, P.C., 3801 Fairfax Drive, Suite 11, Arlington, VA 22203 (Tel. 703-527-0333). In addition, Ms. Roberson has also been treated these last several years by Fern L. Grapin, M.D., F.A.C.O.G. (Gynecology), of 4660 Kenmore Avenue, Suite 1100, Alexandria VA 22304-1308 (Tel. 703-370-2843). Prior to receiving treatment from these physician, Ms. Roberson obtained her medical care from the G.W. Health Plan (an HMO), which apparently went out-of-business sometime ago (in 1999, I think). In any event, Ms. Roberson requested of that HMO when it was going out-of-business that her medical records be dispatched to her current medical
provider (Dr. Natividad), but it seems that this was not done. So the only medical care providers that Ms. Roberson has had in the last decade that she can now identify and that can now provide medical records are her current providers, Drs. Natividad (who was primary care at the HMO in its last days, and whom she followed to her private practice) and Grapin. Any another medical provider was specialist to Ms. Roberson was referred by Dr. Natividad -- who would thus have a copy of any medical record of treatement or consultation.

While I would venture a guess that Dr. Natividad will state that Ms. Roberson is suffering from anxiety and depression and that this results from the stress she has faced as a result of the mistreatment -- discrimination/retaliation -- she has been facing on the job at FDIC, and that she has been receiving treatment for these ailments (including prescription drugs) for some time now, and that such
treatment is continuing, I would prefer to wait for the doctor to speak for herself. As to her patient's prognosis, I would not presume to even guess at Dr. Natividad's views, and will be happy to read them in her report.

As regards your obtaining Ms. Roberson's medical records, we will be happy to agree on two conditions: First, we need to enter into a protective order (signed by the Court) strictly limiting dissemination of private medical information among FDIC personnel (etc.) ; second, you will have to agree to provide me an exact copy of any medical information/documentation you receive from her health care providers. Once we work these matters out in detail, Ms. Roberson will sign a waiver so that you can obtain directly her medical records.

I trust all of this is satisfactory. Naturally, if you have questions or want to discuss any of this further, just give me a call.

By the way, I have to finish Fred Selby's deposition and take the depositions from scratch of Miguel Torrado (the former HR director whom I indicated a desire to depose in the administrative phase of this disput, but who was unavailable at the time), Richard Cywinski, and James Collins -- all of whom were named in your initial disclosures. With regard to Mr. Collins, I note that while I had indicated a desire to take his deposition during the administrative process, you talked me out of it by saying he had no knowledge to contribute with regard to this case -- which is why I was so surprised to see his name in your initial disclosure document. Anyway, in light of his inclusion in your initial disclosure, I want to take his deposition. So, when can we do these depositions? And, with regard to Mr. Torrado, where is he now?

David H. Shapiro

Swick & Shapiro, P.C.
1225 Eye Street, N.W. Suite 1290
Washington, DC 20005
Tel. (202) 842-0300; Fax (202) 842-1418

_____
**Exhibit 1**
**FDIC Motion to Compel**

**FDIC**

**Federal Deposit Insurance Corporation**
3501 Fairfax Drive VS-D-7050, Arlington, VA 22226-3500

Dina L. Biblin
Sr. Litigation Counsel, Legal Division

(703) 562-2372

November 8, 2006

Mr. David H. Shapiro
Swick and Shapiro.
1225 I St. N.W. Suite 1290          Sent by Fax: (202) 842-1418
Washington, D.C. 20005              and Electronic Mail

    Re:    *Roberson v. Bair* (D.D.C. # 06-0282 RWR-JMF)
            Depositions and Meet and Confer Request about Extensions

Dear David:

    I've received your Nov. 8 fax with a corrected notice of depositions for Fred Selby, James Collins, Rick Cywinski, and Fred Carns, reset for November 17 and for November 20. You might want to reset the time on your fax machine, by the way. It appears not to have been adjusted, at the very least, since the change in daylight savings time.

    As I thought I indicated to you last week, we will not be able to schedule these depositions in November for these individuals for a variety of reasons, but primarily at this point because the FDIC moved for a protective order to postpone them until such time as we get an appropriate privacy agreement.

    With respect to Miguel Torrado, I am trying to verify an old address I've been given. In the meantime, considering the pending motion, and a motion to extend the discovery schedule and other dates, this delay puts you at no greater disadvantage. If he is located, I would like to suggest that we ask him if he would prefer to come to Washington, DC for his deposition, rather than all of us undergoing the expense of flying wherever he is. If your client wants to pay for his airfare, we could arrange to put him up at the Seidman Center, and thus split costs, which would be a net savings for Ms. Roberson, over paying for your (and her) travel expenses and your time. Since Mr. Torrado is not a key witness to anything you don't already have full knowledge about, the FDIC still maintains this is a waste of resources.

    In addition to the depositions you want to take, we need to agree on when it would be convenient for me to take the depositions of Janet's mother and daughter, as well as Carol Heindel. I'm aware that Megan Roberson may be in Europe until the close of discovery, and that Mrs. Styers recently had surgery. I do not want to burden Janet's family but would like some information from you as to when these depositions could conveniently be taken. We talked about this over a week ago, as I recall.

    With respect to Dr. Natividad, I would like to take her deposition as well, but it seems pointless without first having her backup medical information, which you have indicated you will not provide in total. Therefore, we are seeking an order to compel, as I indicated to you last week, before taking a deposition without the documents we are due.

    In that vein, I also intend to file a motion for extension of time to complete discovery and to reset other dates under the scheduling order, since they are conditioned on outstanding matters in

Exhibit 3. Page1
FDIC Motion to Compel

dispute, including your failure to produce all the initial disclosure documents, your refusal to release other medical information for Ms. Roberson, and our request to continue the deposition of Ms. Roberson, as well as seek a Rule 35 examination.  I acknowledge your position on these, but as I informed you by letter, we are in the process of preparing appropriate motions, as without medical information I have requested, I am unable even to meet our deadline to designate experts by November 13.

      Could you please advise upon receipt as to whether or not you are opposed to an extension of the discovery and other deadlines in this case?  Would you consent to an extension of time for us to designate an expert until such time as I know the totality of Ms. Natividad's backup information?

      Thanks for your cooperation on these matters.

      Sincerely,

      DINA L. BIBLIN