UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0282 (RWR/JMF) |
| ) | |
| SHEILA C. BAIR, ) | |
| Chairman, Federal Deposit ) | |
| Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
AND MEMORANDUM FOR ENTRY OF PROTECTIVE ORDER**

**Introduction**

Janet Roberson has sued the Federal Deposit Insurance Corporation (FDIC)[1] for discrimination and retaliation in employment. She alleges that her federal employer unlawfully discriminated against her on the basis of her sex and age, and in retaliation for engaging in protected activity. *See generally* Complaint.

During discovery, plaintiff's counsel and defendant's counsel discussed the possibility of entering into a protective order, and shared drafts of possible orders. Plaintiff, however, does not believe that a protective order is necessary and does not consent to the language proposed by defendant. Plaintiff does not anticipate the need to designate any material she produces as confidential and thus finds a protective order to be unnecessary.

Plaintiff's counsel informed defendant's counsel of plaintiff's opposition to a protective order on November 2, 2006. Subsequently, defendant filed the instant motion for entry of a

---

[1] Actually, the named defendant is the chairwoman of the FDIC, who is being sued in her official capacity only as the head of the FDIC. See 5 U.S.C. §2000e-16(c).

protective order.

## Argument

I.    **Defendant Has Failed to Demonstrate Need for Protective Order.**

    A.    **Legal Standard.**

Courts recognize a right to public access to judicial documents.  *See Nixon v. Warner Communications. Inc.*, 435 U.S. 589, 597 (1978) (noting, for example, that the public interest in "keep[ing] a watchful eye on the workings of public agencies" supports public access).  Of course, this right is not absolute.  *See id.* at 598.  Indeed, the Federal Rules of Civil Procedure provide a mechanism for restricting the scope of discovery via a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  When considering whether to grant such a protective order, the court must balance "the requester's need for the information from this particular source, its relevance to the litigation at hand, the burden of producing the sought-after material, and the harm which disclosure would cause to the party seeking to protect the information."  *Burka v. U.S. Dept. of Health & Human Serv.*, 87 F.3d 508, 517 (D.C. Cir. 1996).

Courts have reconciled these competing sentiments by imposing a substantial burden upon the party seeking to limit discovery.  *See Low v. Whitman*, 207 F.R.D. 9, 10 (D.D.C. 2002) ("Any party seeking to limit discovery under Rule 26(c) must demonstrate that, on balance, the harm to it outweighs its opponent's interest in discovering the facts."); *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 71, 75 (D.D.C. 1998) ("As the party seeking the protective order, [the movant] bears the burden of making the showing of good cause contemplated by the rule.").  Specifically, this Court has noted, "[t]o show good cause for entry of a protective order, 'the

movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements.'" *Peskoff v. Faber*, 230 F.R.D. 25, 28 (D.D.C. 2005) (*citing Low*, 207 F.R.D. at 10-11). "Indeed, 'the moving party has a heavy burden of showing "extraordinary circumstances" based on "specific facts" that would justify such an order.'" *Alexander*, 186 F.R.D. at 75 (*quoting Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles*, 179 F.R.D. 41 (D. Mass. 1988).

This substantial burden reinforces the notion that while there are certain circumstances that may warrant limitations, courts strongly prefer to maintain transparency in litigation. *See, e.g., Nixon*, 435 U.S. at 597; *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (asserting that while the court has authority to seal records, "the 'presumption' in such cases favors public access"); *Stone v. Univ. of Maryland Medical Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances.").

### B.  Defendant Has Not Asserted Specific Facts Justifying a Protective Order.

In its motion for entry of a protective order, defendant acknowledges its duty to detail specific facts rather than conclusory allegations in support of its motion for entry of a protective order.[2]  Nevertheless, defendant steadfastly refuses to do just that: "However, for the reasons previously stated, the FDIC does not want, by virtue of this motion, to put in the public view the very information it desires to maintain as confidential." *See* Def's Motion at 9; *see also id.* at 2 ("[T]he defendant is not including in this filing the specific content of the confidential

---

[2] Defendant contends that this Court's requirement of specific facts "appears" to be "more pertinent to a motion for a protective order which seeks to prevent discovery," yet fails to provide any support for this assertion.

information."). Rather, defendant proceeds by offering "[b]y way of illustration" various conclusory statements and speculative allegations about plaintiff's intent in discovery. *See, e.g., id.* at 9 ("The nature of most of the material intended to be protected contains private, privileged, or potentially embarrassing and scandalous material that the plaintiff has requested in discovery, or otherwise injected into this case."). Defendant repeatedly asserts that plaintiff seeks "privileged" information without detailing the grounds for privilege. *See id.* at 2, 4, 9, 12.

Defendant also requests the protective order because plaintiff possesses or seeks information regarding non-party personnel, because she has made "hearsay allegations," because her requests are overbroad, or because she seeks information regarding non-comparable employees. *See id.* at 10. Despite defendant's assertions to the contrary, these objections relate to the evidentiary relevancy or admissibility of individual documents or the product of discovery requests. As such, they should be handled individually during the discovery process. Indeed, the liberal discovery rules provide that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant may challenge certain requests under this standard; it may not, however, obtain a protective order simply by making sweeping assertions that plaintiff seeks potentially irrelevant information.

### C.    Plaintiff Seeks to Obtain a Remedy for Acts of Discrimination – Not to Harass Defendant.

Plaintiff has brought her suit against the head of the FDIC to remedy acts of discrimination. *See* Complaint. Accordingly, she seeks to obtain all information calculated to lead to the discovery of relevant information regarding her claims of discrimination. Defendant

therefore cannot limit plaintiff's discovery simply because plaintiff is conducting a thorough investigation. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time honored cry of 'fishing expedition' serve to preclude a party from inquiring into the fact's of his opponent's case."). And while defendant maintains that it does not seek the protective order to limit discovery, this claim is belied by defendant's asserted reasons (conclusory as they are) for needing the order. As noted above, defendant repeatedly questions the evidentiary relevancy or admissibility of the information /documentation sought by plaintiff in discovery. Further, defendant only assures the Court and plaintiff that it does not seek to limit or prevent discovery "for the time being." Def's Motion at 8.

Plaintiff is not, as defendant contends, attempting to use the discovery process to harass or embarrass the FDIC. Defendant's innuendos of bad faith are misguided. For example, while defendant makes much of plaintiff's possession of significant documents, the fact is that plaintiff serves at an executive level at the FDIC and thus had and has access to many documents.[3] Regardless, whether plaintiff had specific authorization to remove certain documents is not the issue. The issue is whether or not defendant has offered adequate, specific facts that allow the Court to determine that a protective order is necessary in this case. Defendant has not done so.

## Conclusion

For the reasons stated herein, plaintiff respectfully urges this Court to deny defendant's motion for entry of a protective order, and to order discovery to proceed without further delay.

---

[3]Defendant seems to overlook this fact. For instance, defendant informs the Court that plaintiff accessed the calenders of other FDIC managers – yet plaintiff could access those calendars precisely because those managers had allowed others to access them freely. As noted, plaintiff could not access FDIC counsel Dina Biblin's calendar because she was not authorized to do so by Ms. Biblin. *See* Def's Motion at 11-12.

Respectfully submitted,

_____/S/_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
Tel. (202) 842-0300
Fax (202) 842-1418
email - dhshapiro@swickandshapiro.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANET W. ROBERSON** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**SHEILA C. BAIR,** )<br>**Chairman, Federal Deposit** )<br>**Insurance Corporation,** )<br>)<br>Defendant. )<br>) | Civil Action No. 06-0282 (RWR/JMF) |

**ORDER**

Upon consideration of Plaintiff's Opposition to Defendant's Motion and Memorandum for Entry of Protective Order, it is this _____ day of December, 2006 **ORDERED** that Defendant's Motion is **DENIED**.

_____
The Honorable Richard W. Roberts
United States District Judge