UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON,<br>      Plaintiff<br><br>v.<br><br>SHEILA C. BAIR, in her capacity<br> as Chairman, Federal Deposit<br> Insurance Corporation,<br>      Defendant | Civil Action No. 06-0282 (RWR / JMF)<br><br>DEFENDANT'S MOTION FOR<br>PLAINTIFF TO SUBMIT TO<br>MENTAL EXAMINATION (FRCvP 35)<br>or in the alternative<br>TO STRIKE CLAIM FOR COMPENSATORY<br>DAMAGES |

MOTION

Defendant moves this Court for an Order requiring the Plaintiff to submit to a mental examination by a licensed forensic psychiatrist and a licensed psychotherapist retained as experts by the defendant.  The time for these examinations would be set at the convenience of the plaintiff and the experts, after this Court rules.  No time has yet been set for these examinations because the plaintiff objected to the examinations, and further, has opposed production of her own medical records, making preparation for such an examination incomplete.  *See*, pending Motion to Compel Expert Report and medical records, Docket #12 in this proceeding.

In the alternative, defendant asks that the plaintiff's claim for compensatory damages in the amount of $300,000 be stricken from this case, and that plaintiff be prohibited from submitting evidence concerning those claims at trial, as the claim is based on plaintiff's alleged medical and psychological condition.

The basis for this motion is FRCvP 35(a), and the attached Memorandum of Points and Authorities.  The plaintiff objects to this Motion.  LCvR 7(m).

* * * * * *

1

MEMORANDUM OF POINTS AND AUTHORITIES

FRCivP 35(a) provides that a party may seek an order for a person to submit to a physical or mental examination by a suitably licensed or certified examiner when the mental or physical condition of that person is in controversy in a civil action.  In this case, the plaintiff Janet Roberson has placed her medical and mental conditions at issue in this litigation, and seeks $300,000 in compensatory damages for same.  The defendant is entitled to discover the full extent and cause of the alleged medical and mental health issues, for the purpose of defending plaintiff's claim for compensatory damages.

Plaintiff has thus far resisted discovery concerning her mental or physical health, to the point of refusing to produce medical records or a release for same, refusing to produce an expert report by her treating physician identified as an expert by the plaintiff, and refusing to agree to a Protective Order in this case.[1]  She has also refused to submit to an examination by expert psychiatric professionals hired by the defendant, with her attorney referring to defendant's request as a "fishing expedition at best."

In the absence of receiving such discovery, defendant asks that plaintiff's claim for compensatory damages and any related evidence to be submitted by plaintiff be stricken from this case.

**I.  Plaintiff has put her mental health in controversy in this action.**

In her amended complaint, Janet Roberson seeks $300,000 compensatory damages, and in support of same, alleges, both at Counts I and II, that she "has suffered and continues to suffer emotional distress and personal and professional humiliation and embarrassment, which, *inter alia*, have severely diminished her enjoyment of life and caused her other pain and suffering."  *See*,

---

[1] *See* related FDIC Motion for Protective Order (Docket #10) and Motion to Compel (Docket #12), presently pending before this Court.

2

Amended complaint at Paragraph 25 (Count I). Identical language is found at Amended Complaint Paragraph 27 (Count II). This is not a "garden variety" type claim for pain and suffering, but alleges continuing emotional distress to the point of "severely diminishing" her enjoyment of life.

Plaintiff's mental health is further inserted into this case by the plaintiff in her Initial Disclosures at pages 38 - 39, in which she alleges that she is entitled to compensatory damages in the amount of $300,000 for "Irreparable damage to reputation and career; Depression, requiring medication, and Highly negative impact of relentless and brutal retaliation on physical and emotional well-being."

This description also pleads beyond a garden-variety pain and suffering claim. Plaintiff alleges the necessity for psychotropic medication, the continuing nature of her suffering, and refers to the "brutal" impact on both her physical and emotional well-being.

**II.     Plaintiff plans to have a medical expert and others testify concerning her alleged mental condition and damages.**

Plaintiff identified as a witness Dr. Maria Bella Natividad, plaintiff's treating physician, to testify not only to her "depression" but also to the causes of said depression being the mistreatment allegedly caused at work. Plaintiff states in her Initial Disclosures that Dr. Natividad will have information concerning:

> plaintiff's emotional distress and depression, and it [sic] cause – the mistreatment accorded at her work; and treatment of plaintiff for depression and stress.

Plaintiff's Initial Disclosures at page 23. Plaintiff's counsel has stated that plaintiff indeed plans to call Dr. Natividad to testify. Plaintiff also testified on October 4, 2006 at her deposition that she believes she is being treated for depression and has been taking the prescription anti-depressant medication Zoloft for several years, prescribed both by Dr. Natividad and by plaintiff's gynecologist, Dr. Fern Grapin.

3

Lest there be any doubt as to the plaintiff's intentions to make her health a matter of controversy, the plaintiff further identified as witnesses her daughter, Megan W. Roberson, and her mother, Delores Styers, to support her claims concerning her "emotional and physical health." Plaintiff's Initial Disclosures at 26 and 30.

### III. Plaintiff has resisted discovery as to her mental condition, justifying an independent examination by a non-treating expert in this case.

In short, plaintiff has made her mental health an issue in this case. At the same time, plaintiff has refused to produce medical records of her treating physician or the basis for her physician's opinion. *See,* defendant's related Motion to Compel, filed November 9, 2006 at Docket #12. The plaintiff's failure to produce any medical records from Dr. Natividad to date in the form of an "expert report" or by providing even clinical office notes relevant to this claim has warranted against deposing Dr. Natividad until this Court can rule. *See*, Exhibit 1, attached. Everything on which plaintiff relies for her alleged damages stems from plaintiff's own self-serving statements to her family and physician, and even those have been foreclosed to the defendant.

In addition, as noted in the FDIC's prior Motion to Compel, plaintiff refused to provide a medical release for defendant to obtain records or information from plaintiff's treating physicians. Strangely, Mr. Shapiro had previously indicated on September 25, 2006, that a release would be signed after the parties executed a protective order. *See*, Exhibit 2, highlights added, from attached E mail exchange between Biblin and Shapiro September 25, 2006. On September 25, defense counsel Dina Biblin responded that Mr. Shapiro's conditions for releasing medical records would be met. *See*, Exhibit 3, attached.

On October 4, 2006, the date of Ms. Roberson's deposition, the FDIC handed Mr. Shapiro a prepared medical release for Ms. Roberson's signature, and he reiterated that it would not be signed

4

until the parties agreed on the terms of a protective Order, which he had edited and returned to Ms. Biblin the night before.  A few weeks later, on November 2, 2006, Mr. Shapiro did an abrupt turn-around and decided there would be no protective order and no release of medical information, which prompted both the FDIC's Motion for Protective Order and the FDIC's pending Motion to Compel.

      Notwithstanding the plaintiff's failure to provide any medical information, Mr. Shapiro informed defense counsel that some selected medical notes of Dr. Natividad would be provided, but to date, nothing has been produced, and discovery closes on December 11.  The defendant's frustration is not just about a lack of an expert report under F.R.Civ.P. 26(a)(2); the plaintiff hasn't even produced clinical notes of Dr. Natividad to support her September 25, 2006 diagnosis letter.[2] Without Dr. Natividad's notes or a signed release for medical information which would enable defendant to subpoena those notes, defendant saw no point in scheduling a Rule 45 deposition to depose plaintiff's physician.[3]  That series of events precipitated and necessitated defendant's pending Motion to Compel, and now the instant Motion for Plaintiff to Submit to a Mental Examination.

---

[2] September 25 was the date on which plaintiff was supposed to provide a Rule 26(a)(2) statement for her experts under this Court's Scheduling Order.  Plaintiff's attorney, David Shapiro, made more detailed representations to the FDIC counsel about what the expert's report would state contemporaneous with that due date, than were revealed by Dr. Natividad's actual letter produced two weeks later.  For plaintiff now to pretend that Dr. Natividad is not providing an expert opinion, even as a treating physician, is indeed disingenuous.  *See*, F.R.E. 702 and defendant's pending Motion to Compel.

[3] FDIC Counsel has learned that scheduling depositions without first clearing a date with Mr. Shapiro is fruitless.  In addition, basic courtesy mandates that one clear dates with plaintiff for her treating physician in advance.  Having already wasted time attempting to depose Mrs. Roberson without first receiving initial disclosure materials that still have not been fully produced, defendant chose not to waste more time and expense beginning a deposition that cannot adequately be completed in the absence of relevant records available in advance.  A separate motion will be filed on that matter shortly.

IV.  **The plaintiff's placing her medical condition in controversy justifies a Rule 35 examination.**

Assuming plaintiff is permitted to introduce evidence of her medical condition and alleged justification for compensatory damages at trial, the defendant is entitled to discovery of her alleged damages. Beyond the information from her treating physician, defendant seeks an independent evaluation from experts in the field of psychology and psychiatry as to plaintiff's condition, if any, and its causes.

Physical and mental examinations of a party may be ordered when the mental or physical condition is in controversy, and on motion for good cause shown. F.R.Civ.P. 35. Schlagenhauf v. Holder, 379 U.S. 104, 117-20, 85 S.Ct. 234, 241-43, 13 L.Ed.2d 152 (1964). Each motion to compel a mental examination must be decided on a case by case basis, under all the relevant circumstances. *Id.* When a plaintiff alleges continuing pain and suffering, and compensatory damages for same, it has been held that is enough to place the party's mental condition in controversy. Ragge v. MCA/Universal, 165 F.Supp.2d 605, 608-609 (C.D. Calif. 1995); Simpson v. University of Colorado, 220 F.R.D. 354 (D. Colo. 2004) [plaintiff alleged a specific medical condition and her intention to call an expert at trial to testify concerning her condition, placing the matter in controversy.]; EEOC v. Grief Bros., 218 F.R.D. 59 (W.D.N.Y. 2003).

Rule 35(a) is to be construed liberally in favor of granting discovery. Cody v. Marriott Corp., 103 F.R.D. 421 (D.Mass.1984); Eckman v. University of Rhode Island, 160 F.R.D. 431, 433 (D.R.I. 1995); Postell v. Amana, 87 F.R.D. 706 (N.D. Ga. 1980). Where a plaintiff has affirmatively placed in controversy her mental condition, it is appropriate for a court to order an examination. Id. at 423. In this jurisdiction, the Magistrate Judge in the instant case saw fit to order a Rule 35 examination when a plaintiff alleged continuing symptoms of mental illness. Smith v. Koplan, 215 F.R.D. 11, 13 (D.D.C. 2003). *See also*, Eckman v. University of Rhode Island,

*supra,* and Gattegno v. Price Waterhouse Coopers, 204 F.R.D. 228 (D.R.I. 2001) [Plaintiff alleged she "has suffered and will continue to suffer damages, including . . . mental anguish, physical and emotional distress, humiliation and embarrassment"].

There is sufficient allegation here that the plaintiff has placed her mental condition in controversy, has alleged continuing illness, and has alleged damages for same.

V.     **Good cause exists to order a mental health examination under Rule 35.**

The good cause justification for the Rule 35 examination can be established by showing that the defendant has no other method to discover relevant information. "There is simply no less intrusive means." Ragge v. MCA/Universal, *supra*. In Eckman v. University of Rhode Island, *supra* at 434, defendants established good cause for a Rule 35 mental examination where plaintiff intended to prove mental injury as a result of an on-campus assault by offering expert testimony from two therapists. The district court held that defendants "obviously have substantial questions concerning the extent of plaintiff's emotional injuries and causation therefor." In Gattegno v. Price Waterhouse Coopers, *supra*, allegations similar to the ones in the instant case were contained in a separate count for intentional infliction of emotional distress. Even after plaintiff's counsel offered not to submit evidence on that count, the district court opined that the defendants still needed an opportunity to determine the extent and cause of her damages, acknowledging that "one purpose in granting a request for a psychiatric examination pursuant to Rule 35 is to 'preserve the equal footing of the parties to evaluate the plaintiff's mental state...' " [citations omitted]. *Id.* At 233.

While the plaintiff in the instant case has not made a separate claim for intentional infliction of emotional distress, her allegations that the FDIC has treated her in a "brutal" fashion to cause her "severe" emotional distress is indeed the only basis for her compensatory damages claim under both counts of her complaint. She has alleged it at every opportunity, and as such, there is good cause

7

for ordering her to submit to a mental health examination.

Even if the defendant is able to depose Dr. Natividad, defendant is entitled to more fully explore the nature and causes of plaintiff's alleged symptoms than relying purely on her conclusions. Without independent evaluation and testing, the plaintiff is free to state simply that she's depressed and it's the FDIC's fault. That is the only apparent basis for testimony by her child, her mother, and her treating physician who made a diagnosis that the condition would go away "if retaliatory actions against her cease and she can work in a more normal, professional environment." *See* Exhibit 2 under Seal to Defendant's pending Motion to Compel.

In this jurisdiction, Magistrate Judge Facciola ordered Rule 35 mental examinations under similar circumstances. In <u>Smith v. Koplan</u>, 215 F.R.D. 11, 13 (D.D.C. 2003), Magistrate Judge Facciola explained that in some circumstances, pleadings which allege compensatory damages for emotional pain suffered as a result of an employer's action, can of themselves justify the Order, citing to the <u>Gattegno</u> case, *supra*, and <u>Shepherd v. American Broadcasting Companies, Inc.</u>, 151 F.R.D. 194, 212-13 (D.D.C.1993), *vacated on other grounds*, 62 F.3d 1469 (D.C.Cir.1995). In the Smith case, plaintiff self-diagnosed her depression, and claimed to be looking for an expert to substantiate her claims at trial.

In the instant case, Ms. Roberson complained to her family physician about how she was treated at work, was given a prescription for psychotropic medication not only by Dr. Natividad, but by her gynecologist, and has testified in her deposition that she self-administers the drug depending on how she feels on a given day.[4] Dr. Natividad's letter provided to defendant did not even specify the name of the medication prescribed or the dosage. Defendant has a right to explore the need for that medication, the plaintiff's diagnosis, if any, and whether there are other causes for her

---

[4] Deposition of Janet W. Roberson, dated October 4, 2006, at pages 242 - 243.

symptoms.

In addition to receiving the medical records subject to a pending motion, the defendant should be able to test Dr. Natividad's (and plaintiff's family members') conclusions by alternate experts who may be better qualified to render a psychiatric diagnosis with causation. As was the case in Smith v. Koplan, "a lack of available information warrants ordering plaintiff to submit to a mental examination by defendant's proposed psychiatrist." Smith v. Koplan, *supra* at 14.

Plaintiff should not be permitted to abuse the legal system by alleging damages for personal injury under the compensatory damages provision of Title VII while simultaneously refusing to participate in discovery on that issue. Her failure to provide medical records or a medical release, failure to provide an expert report, failure to provide even her treating physician's notes, and finally her failure to submit to an independent examination by psychiatric experts selected by the defendant mandates a dismissal of her claims for compensatory damages.

For the foregoing reasons, the defendant urges this Court to order plaintiff to submit to a psychiatric and psychological examination by qualified experts chosen by the defendant or in the alternative, to strike plaintiff's claim for $300,000 in compensatory damages and to prevent plaintiff from submitting any evidence of same at trial.

Dated: Dec. 4, 2006

Respectfully submitted,

*s/ Dina L. Biblin*
DINA L. BIBLIN,    DC Bar # 270298
Sr. Litigation Counsel, Legal Division
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 N. Fairfax Drive (VS-D-7050)
Arlington, VA 22226
(703) 562-2372; fax: (703) 562-2477
Email: DBiblin@fdic.gov
Attorney for Defendant Sheila Bair

**FDIC**

**Federal Deposit Insurance Corporation**
3501 Fairfax Drive VS-D-7050, Arlington, VA 22226-3500

Dina L. Biblin
Sr. Litigation Counsel, Legal Division

(703) 562-2372

November 8, 2006

Mr. David H. Shapiro
Swick and Shapiro.
1225 I St. N.W. Suite 1290
Washington, D.C. 20005

Sent by Fax: (202) 842-1418
and Electronic Mail

Re:   *Roberson v. Bair* (D.D.C. # 06-0282 RWR-JMF)
        Depositions and Meet and Confer Request about Extensions

Dear David:

I've received your Nov. 8 fax with a corrected notice of depositions for Fred Selby, James Collins, Rick Cywinski, and Fred Carns, reset for November 17 and for November 20. You might want to reset the time on your fax machine, by the way. It appears not to have been adjusted, at the very least, since the change in daylight savings time.

As I thought I indicated to you last week, we will not be able to schedule these depositions in November for these individuals for a variety of reasons, but primarily at this point because the FDIC moved for a protective order to postpone them until such time as we get an appropriate privacy agreement.

With respect to Miguel Torrado, I am trying to verify an old address I've been given. In the meantime, considering the pending motion, and a motion to extend the discovery schedule and other dates, this delay puts you at no greater disadvantage. If he is located, I would like to suggest that we ask him if he would prefer to come to Washington, DC for his deposition, rather than all of us undergoing the expense of flying wherever he is. If your client wants to pay for his airfare, we could arrange to put him up at the Seidman Center, and thus split costs, which would be a net savings for Ms. Roberson, over paying for your (and her) travel expenses and your time. Since Mr. Torrado is not a key witness to anything you don't already have full knowledge about, the FDIC still maintains this is a waste of resources.

In addition to the depositions you want to take, we need to agree on when it would be convenient for me to take the depositions of Janet's mother and daughter, as well as Carol Heindel. I'm aware that Megan Roberson may be in Europe until the close of discovery, and that Mrs. Styers recently had surgery. I do not want to burden Janet's family but would like some information from you as to when these depositions could conveniently be taken. We talked about this over a week ago, as I recall.

With respect to Dr. Natividad, I would like to take her deposition as well, but it seems pointless without first having her backup medical information, which you have indicated you will not provide in total. Therefore, we are seeking an order to compel, as I indicated to you last week, before taking a deposition without the documents we are due.

In that vein, I also intend to file a motion for extension of time to complete discovery and to reset other dates under the scheduling order, since they are conditioned on outstanding matters in

FDIC Motion for Rule 35 Exam                                                                                    Exhibit 1

2

dispute, including your failure to produce all the initial disclosure documents, your refusal to release other medical information for Ms. Roberson, and our request to continue the deposition of Ms. Roberson, as well as seek a Rule 35 examination.  I acknowledge your position on these, but as I informed you by letter, we are in the process of preparing appropriate motions, as without medical information I have requested, I am unable even to meet our deadline to designate experts by November 13.

      Could you please advise upon receipt as to whether or not you are opposed to an extension of the discovery and other deadlines in this case?  Would you consent to an extension of time for us to designate an expert until such time as I know the totality of Ms. Natividad's backup information?

      Thanks for your cooperation on these matters.

      Sincerely,

      DINA L. BIBLIN

From: David Shapiro [mailto:dhshapiro@swickandshapiro.com]
Sent: Monday, September 25, 2006 8:51 PM
To: Biblin, Dina L.
Subject: Expert Witness report and other discovery matters

Dina:

I am still waiting for my client's treating physician to provide us with a report (I informed that her printer was "down" and that caused
a slight delay), and will get it to you just as soon as I receive it.

For your information, however, Ms. Roberson's treating physican (and expert witness on damages) is Maria Bella Natividad, M.D., (Internal
Medicine) of the Advent Health Group, P.C., 3801 Fairfax Drive, Suite 11, Arlington, VA 22203 (Tel. 703-527-0333).  In addition, Ms.
Roberson has also been treated these last several years by Fern L.  Grapin, M.D., F.A.C.O.G. (Gynecology), of 4660 Kenmore Avenue, Suite
1100, Alexandria VA 22304-1308 (Tel. 703-370-2843).  Prior to receiving treatment from these physician, Ms. Roberson obtained her
medical care from the G.W. Health Plan (an HMO), which apparently went out-of-business sometime ago (in 1999, I think).  In any event,
Ms. Roberson requested of that HMO when it was going out-of-business  that her medical records be dispatched to her current medical
provider (Dr. Natividad), but it seems that this was not done.  So  the only medical care providers that Ms. Roberson has had in the last
decade that she can now identify and that can now provide medical  records are her current providers, Drs. Natividad (who was primary
care at the HMO in its last days, and whom she followed to her  private practice) and Grapin.  Any another mediacl provider was
specialist to Ms. Roberson was referred by Dr. Natividad -- who would  thus have a copy of any medical record of treatement or consultation.

While I would venture a guess that Dr. Natividad will state that Ms. Roberson is suffering from anxiety and depression and that this
results from the stress she has faced as a result of the mistreatment -- discrimination/retaliation -- she has been facing on the job at
FDIC, and that she has been receiving treatment for these ailments (including prescription drugs) for some time now, and that such
treatment is continuing, I would prefer to wait for the doctor to speak for herself.  As to her patient's prognosis, I would not
presume to even guess at Dr. Natividad's views, and will be happy to read them in her report.

As regards your obtaining Ms. Roberson's medical records, we will be happy to agree on two conditions:  First, we need to enter into a
protective order (signed by the Court) strictly limiting dissemination of private medical information among FDIC personnel (etc.) ;
second, you will have to agree to provide me an exact copy of any medical information/documentation you receive from her health
care providers.  Once we work these matters out in detail, Ms. Roberson will sign a waiver so that you can obtain directly her
medical records.

I trust all of this is satisfactory.  Naturally, if you have questions or want to discuss any of this further, just give me a call.

**FDIC Motion for Rule 35 Exam**            **Exhibit 2**

By the way, I have to finish Fred Selby's deposition and take the depositions from scratch of Miguel Torrado (the former HR director
whom I indicated a desire to depose in the administrative phase of this disput, but who was unavailable at the time), Richard Cywinski,
and James Collins -- all of whom were named in your initial disclosures.  With regard to Mr. Collins, I note that while I had indicated a
desire to take his deposition during the administrative process, you talked me out of it by saying he had no knowledge to
contribute with regard to this case -- which is why I was so surprised to see his name in your initial disclosure document.  Anyway,
in light of his inclusion in your initial disclosure, I want to take his deposition.  So, when can we do these depositions?
And, with regard to Mr. Torrado, where is he now?

Very truly yours,

David H. Shapiro
Swick & Shapiro, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, DC  20005
Tel. (202) 842-0300
Fax (202) 842-1418

**From:** Biblin, Dina L.
**Sent:** Monday, September 25, 2006 9:23 PM
**To:** 'David Shapiro'
**Subject:** Expert Witness report and other discovery matters

David.

We can work something out on the medical records -- of course we would provide copies to you of everything we receive.  And all subject to a protective order which I will send to you.  I expect that when we finally get Dr. Natividad's report, it should include all of her medical records, notes, etc. on Ms. Roberson subject to the protective Order.  Is Ms. Roberson being treated by a psychotherapist, or only an internist?

Without addressing everything in your E mail at the moment, just a few points:

1.  We can find a date to continue Mr. Selby when I've finished Ms. Roberson, and that will take more than one day.  I know you object to that and are forcing me to go to the Court, but I don't see any way it can be completed in one day.

2.  You are confusing Jim Collins with Mr. Brennan.  Mr. Collins' deposition was moved because he has a family emergency.  Mr. Brennan had no knowledge that was material to the case.  We will have to find some dates later in the fall for both Mr. Collins and Mr. Cywinski, if you wish to take their depositions.

3.  I do not know where Mr. Torrado is right now.  The last I heard is that he was out of the country.  We do not plan to call him as a witness.

4.  I'm sure Ms. Roberson can do a bit better to remember names of the key physicians that treated her previously and if not, I would expect she will authorize a disclosure of same from her insurance providers.  GWU's HMO may be out of business, but its records must be maintained somewhere, and the GWU Medical Faculty Associates have assumed a lot of the work of the prior HMO.  Still at Washington Circle in Foggy Bottom.

5.   Can I get a set of Ms. Roberson's copies of the documents she listed in her initial disclosures prior to the deposition?  (Other than those which are contained in the ROIs)  I would be happy to copy them here and return them to her within a day, if she has them here, to make this go a little more quickly.  This request includes her tape with the coach.

I will follow up with some other matters tomorrow when I have more time.

*Dina*

---

**Dina L. Biblin**
Senior Litigation Counsel
FDIC Legal Division
 3501 N. Fairfax Drive, D-7050
 Arlington, VA 22226
 Phone:  (703) 562-2372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON,<br>          Plaintiff<br><br>v.<br><br>SHEILA C. BAIR, in her capacity<br> as Chairman, Federal Deposit<br> Insurance Corporation,<br>                    Defendant | Civil Action No. 06-0282 (RWR / JMF) |

ORDER

Upon motion of the defendant, Sheila C. Bair, and for good cause shown, it is hereby

ORDERED, that plaintiff submit to a Rule 35 mental examination by Dr. Alan Abrams and Dr. Carole Guinta on a date to be arranged by the parties and the experts, within thirty days of the date of this Order;

In the alternative, the plaintiff's claims for compensatory damages are hereby stricken from this case and the plaintiff may not introduce evidence concerning those claims in this matter.


Dated: _____

                              _____
                                              U.S. MAGISTRATE JUDGE

1