UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON,<br>      Plaintiff<br><br>v.<br><br>SHEILA C. BAIR, in her capacity<br> as Chairman, Federal Deposit<br> Insurance Corporation,<br>         Defendant | Civil Action No. 06-0282 (RWR / JMF)<br><br>DEFENDANT'S MOTION FOR ORDER<br>ALLOWING ADDITIONAL TIME<br>FOR DEPOSITION OF PLAINTIFF |

MOTION

      Defendant moves this Court for an order allowing defendant additional time to take plaintiff's deposition, from seven (7) hours to up to two more (2) days, at a duration of seven (7) hours per day. Plaintiff objects to this Motion, although plaintiff's counsel represented that he does not object to the continuation of the deposition solely for the purpose of asking questions about documents plaintiff did not produce prior to or at the deposition, as requested. Because time for that exclusive purpose would not be sufficient to complete the deposition, this motion is necessary.

      The Court is respectfully referred to the attached Memorandum of Points and Authorities in Support of this Motion. A proposed Order is attached.

\* \* \* \* \*

1

*Note to Court: We have had computer problems this evening on the server on which the undersigned was working. As a result, this document and the Exhibits that had been created for this motion were corrupted at approximately 11:00 pm, and a subsequent re-creation of same was eradicated. The undersigned has a prior commitment this week which prevents her from working on this matter again until Monday Dec. 11. Out of an interest in getting this document filed, the FDIC re-created this motion without Exhibit 6 attached, but will attempt to re-create that Exhibit and a separate motion for extension of discovery deadlines on Monday, Dec. 11, when the undersigned returns to the office.       .... Dina L. Biblin*

* * * * *

MEMORANDUM OF POINTS AND AUTHORITIES

Background:

This issue arose initially during the preparation of the Joint Rule 16 Report of the parties, filed as Docket #8 in this case, on May 24, 2006 and was a subject of discussion with Judge Roberts during the Initial Scheduling Conference. Defendant had argued that the plaintiff had filed multiple EEO claims that were the subject of several investigations, and a voluminous administrative record, plus an additional claim that had not yet been investigated, but was added to the pending complaint. Because plaintiff is the central witness on "her" position as to the multiple issues she has raised, one seven hour deposition would be insufficient to capture discovery from plaintiff. By contrast, in plaintiff's desire to discover matters concerning her claims from the FDIC, plaintiff took the depositions of eleven FDIC executives, comprising nearly forty hours of testimony, prior to this case coming to the District Court. Her attorney indicated plans to take additional testimony from some of the witnesses previously called, as well as additional depositions in the U.S. District Court.

Notwithstanding the good faith assertions of defense counsel during the Scheduling Conference in May of 2006, Judge Roberts asked the defendant to come back to the Court after an attempt to complete plaintiff's deposition in one day. The defendant unsuccessfully attempted to do that, which has necessitated the instant motion.

2

The Court's Scheduling Order in this case permitted each side up to five depositions[1] each not to exceed seven (7) hours.  Scheduling Order, Docket #9, at paragraph 2; F.R.Civ.P. 30(d)(2).  However, the procedural rule states that "the court must allow additional time . . . if needed for a fair examination of the deponent or if the deponent or another person, or another circumstance, impedes or delays the examination."

At this time, given the number of factual issues deserving inquiry, plus others raised during discovery thus far, and given the plaintiff's style in answering questions directly under oath, defendant anticipates a need for at least one, and perhaps two more days to complete her deposition.  In addition, as discussed below, her failure to produce requested documents prior to the deposition caused a loss of several hours during the deposition, in addition to time needed to ask questions about those documents once they are produced.

1. <u>Defendant is entitled to additional time pursuant to F.R.Civ.P. 30 (d)(2) to depose Plaintiff given the number of claims and volume of documents in this case.</u>

Consistent with F.R.Civ.P. 26(b)(2), a court must provide additional time beyond the seven hour limitation for a deposition if needed to provide for a fair examination of the deponent.  F.R.Civ.P. 30(d)(2).  The "presumptive" seven-hour limitation was intended to address undue costs and delays in the discovery process.[2]  In making a determination as to the time needed to conduct a fair examination of a deponent, a court must look to the facts of each case.  Miller v. Waseca Medical Center, 205 F.R.D. 537, 540 (D. Minn. 2002).

The complaint in this case is a summary of nine separate incidents and allegations of employment discrimination by the plaintiff.  Plaintiff's Initial Disclosures, comprising 39 pages, raised a myriad of theories of discrimination.  Plaintiff listed 40 documents, some of which consist

---

[1] Actually, the order says 25 depositions and 5 interrogatories, but we believe that to be a typing error.

[2] *Advisory Committee Notes, 2000 Amendments.*  F.R.Civ.P. 30(d)(2).

of extensive GAO audits and other reports, plus explanations of what "plaintiff believes" over fifty potential witnesses will state to support her claims, and an accounting of damages in excess of two pages. Of these fifty plus witnesses, twenty-one of them do not work for and are thus not under the control of the FDIC. Simply to ask plaintiff the basis for all of the allegations made by plaintiff concerning these potential witnesses in the initial disclosures will take more than one full day of deposition of the plaintiff.[3] Since a number of those individuals were not anticipated by the FDIC to have relevant information in this case, the FDIC did not ask in the scheduling conference for more than five depositions. Plaintiff is obviously the sole witness in support of most of the allegations made by her.

In addition, the Reports of Investigation in this case, which spans four years and eight separate EEO administrative claims, each of which involve distinct sets of facts, documents, and actors, comprise eight multi-inch volumes and over half of a standard file drawer. While much of plaintiff's anticipated testimony may be contained in those files, there are hundreds of facts within the plaintiff's own declarations that bear further exploration, which was not done by the EEO investigators during those investigations.[4] The complaint and administrative record contain allegations of discrimination involving no fewer than fifteen agency managers and scores of employees. She has made allegations arising out of each position she has held, including a detail, in different divisions of the Corporation, over the past four years.

During the administrative phase of this case before the EEOC, the plaintiff took testimony from eleven FDIC executives and has identified several of those for which she has several more

---

[3] Because disclosures are filed after the scheduling order, these were not available to the parties at the time of the conference for reference.

[4] Committee Notes for the 2000 Amendments give examples of factors to consider in extending the time for depositions including "If the examination will cover events occurring over a long period of time, that may justify allowing additional time."

4

hours of questions, in addition to others she would like to depose. Since plaintiff is the prime witness "counter" to these FDIC witnesses, defendant submits that seven hours is not sufficient time to explore Ms. Roberson's views on the multitude of allegations she has raised in those depositions of FDIC personnel, let alone the remainder of her allegations. One seven hour day compared to the dozens of hours of deposition testimony of the FDIC's witnesses will not be sufficient.

In addition to the issues expected in the complaint, the plaintiff has injected a number of other factual issues of disputed relevance and propriety in her questions to FDIC witnesses and in her written discovery requests. While some of these issues will hopefully be foreclosed by motion after the close of discovery, the defendant must be permitted in the meantime to explore the basis for plaintiff's allegations, evaluate the proof plaintiff intends to offer at trial, and to exhaust discovery so that the record is sufficient for this court to rule on potential dispositive motions at the close of discovery.

In the Miller case, *supra*, two cases were consolidated by the plaintiffs, who then sought to limit the depositions to seven hours. The defendant argued that since the case commenced as two separate cases, the seven hour limit should not apply. The court rejected the notion that the number of cases at issue was determinative, but did look at the underlying facts to determine that additional time was needed for the fair examinations of the plaintiff.[5]

Other courts have similarly considered the volume of issues to determining whether to extend the depositions of plaintiffs. Primary to the court's decision to extend the seven hour limitation in Grill v. Costco, 2004 WL 2314639 (W.D. Wash. 2004), was the broad scope of the complaint. Plaintiff alleged approximately thirty (30) separate occasions of discrimination at five

---

[5] The court granted extensions based on several considerations including that while the cases had been consolidated and were factually similar, each plaintiff would likely be needed to provide information related to the claims of the other plaintiff. The court also noted that the defendant did not get requested documents until the afternoon before the deposition which interrupted the flow of the deposition. *See,* Section II of this Motion.

5

of defendants' warehouses.  Additionally, the court considered that the defendants learned at the deposition that not all documents had been produced and that they would need to question plaintiff about the documents.  *See*, discussion at Section II, *infra*.  *See also*, <u>Martinez v. Cornell Correction of Texas</u>, 229 F.R.D. 194, 197 (D. NM 2005) [Defendants granted additional time to depose plaintiff where plaintiff was essentially the sole witness for allegations of events during a three-year period while incarcerated.][6]

The volume of facts and issues in this case entitle Defendant to additional time beyond the seven hour limitation to allow for a fair examination of the Plaintiff.

2.  <u>Plaintiff's and her counsel's actions impeded the deposition and justify additional time.</u>

A party is entitled to additional time if a deponent or another person, or other circumstance, impedes or delays the examination.  F.R.Civ.P. 30 (d)(2).  Examples of factors that parties and courts might consider include failing to read in advance or to produce in advance documents that are requested:

> In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit.  If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. . . .
>
> . . . In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time.

*Advisory Committee Notes, 2000 Amendment,* F.R.Civ.P. 30(d).

In this case, plaintiff's failure to produce in advance, or even to have reviewed in advance,

---

[6] *See also* <u>Moore v. CVS Corporation</u>, 2005 WL 581357 (W.D. Va.)(A defendant in case given additional four hours to depose plaintiff given the number of claims and documents at issue in case.  Court also considered that other defendant in case had utilized practically the entire seven hours, that the deposition had been conducted appropriately and consistent with the Federal rules, and that the defendant made the request for additional time at the deposition.);

the initial disclosure documents which defendant asked to be produced prior to the deposition, caused a loss of several hours during the seven hour deposition, spent reviewing the source and significance of those documents, plus whatever additional time would be needed to follow up on the information after it is produced in total.

Defendant began the plaintiff's deposition on October 4, 2006, after serving a Notice of Deposition Duces Tecum on the plaintiff August 31, 2006.[7] The deposition was rescheduled at the request of plaintiff, and subsequent conversations with counsel included a September 25, 2006 request for the initial disclosure documents to be produced prior to the deposition, and FDIC (Chairman Bair's) counsel's offer to copy and return them quickly. [Exhibit 2, Email Sept. 25, 2006 to David Shapiro from Dina Biblin.]

FDIC attorney Dina Biblin reminded attorney Shapiro of the request for documents again prior to plaintiff's rescheduled deposition and the Jewish holiday of Yom Kippur. Counsel had a phone conversation on Friday the 29th, and FDIC counsel Biblin sent a confirming E mail with the documents that should be produced, extracting them from plaintiff's own initial disclosures.[8] [Exhibit 3.] On Tuesday the documents were not delivered and FDIC counsel made several inquiries of Mr. Shapiro. [Exhibit 4]. In a telephone call that afternoon, Mr. Shapiro informed Ms. Biblin that his client could not produce the documents that day, as they were not in the office. The FDIC offered to receive the documents electronically, to the extent plaintiff had digital copies, and to limit some of the requested documents. Mr. Shapiro stated that his client had computer problems. In short, the documents in Ms. Roberson's possession were not delivered prior to the

---

[7] The Notice of Deposition is attached as Exhibit 1.

[8] Knowing that Mr. Shapiro would be observing Yom Kippur but that plaintiff Roberson would not, Ms. Biblin hoped that Mr. Shapiro would communicate to his client the need for her to retrieve her initial disclosure documents prior to or during the weekend of September 30, 2006.

deposition, nor were they produced at the deposition the following day.

Contrary to Mr. Shapiro's assertions in subsequent correspondence, the FDIC did not have in its possession the other documents Ms. Roberson described in her Initial Disclosures.[9]

At the deposition on October 4, Mr. Shapiro and plaintiff brought with them only one document listed on Ms. Roberson's initial disclosures, a fictional novella entitled "Why Government is Not Perfect: The Memoirs of a Guv'mint Bur'crat" by Frip Chissom, of which the FDIC did not have a copy. Mr. Shapiro stated that the ½ inch thick copy was his only copy, that he had not read it yet, and that he did not want to leave it unless the FDIC would first make a copy for him. Since the FDIC attorneys did not have time to do that during the deposition, it remained on the table and Mr. Shapiro took it with him when he departed.

At deposition, the FDIC inquired of the plaintiff's search for the initial disclosure documents and why they had not been produced prior to the deposition as requested nine days earlier. Ms. Roberson testified that she had not been asked by her attorney to produce the documents until the day before her deposition, and had not had time to look for them. She also testified that the documents were contained in ten boxes in a single room in her home. Roberson Deposition at 115.

Despite the apparent consolidation of these documents in her home, full production of same

---

[9] Some of these documents consisted of items Ms. Roberson herself had removed from her office and some consisted of computer accessible documents that she had selected and obtained from personal calendars of FDIC executives. Without knowing what plaintiff had obtained, and from what source or date, the FDIC attorney had no access to same. It wasn't until the deposition, for example, that the FDIC found out from plaintiff that she had surreptitiously managed to obtain personal calendars of a select few FDIC executives during certain times when their private Outlook calendars were inadvertently open to her. Extracting the sources of the documents plaintiff had managed to remove from the Corporation that she thought were pivotal to her case took considerable time during the deposition.

still has not taken place.[10] The one document her counsel brought with him on October 4 took six weeks to produce. Discovery is scheduled to close on December 11, 2006.

As stated previously, plaintiff's counsel Shapiro conceded that the FDIC should be able to take additional time for plaintiff's deposition, but *only* for the purpose of questions about the documents plaintiff would later produce. That was deemed insufficient by the FDIC because that would not account for the three hours already lost exploring the significance of those documents plaintiff had identified as crucial to her case, without having them available for reference.[11] This time could have been used for other subjects, had Mr. Shapiro made the offer earlier in the day. In fact, during the deposition, Mr. Shapiro interjected that he would not even permit later examination once the documents were produced. Exhibit 6 at 127.

Unanticipated responses to certain questions about these documents required additional followup. For example, when asking the plaintiff about a non-disseminated September 6, 2005 letter from the Equal Employment Opportunity Commission to the FDIC Chairman, which was identified in Plaintiff's Initial Disclosures, she stated that the letter was mailed "anonymously" to her home. This surprising response naturally demanded follow-up questions. The same was true when the plaintiff disclosed that she had removed certain FDIC attorney-client privileged legal opinions from a colleague's office to her home, even though they were not the product of work she had supervised in her present position.

Plaintiff's style in not directly answering questions, or claiming not to understand them, sometimes required several attempts in order to get a responsive answer. *See*, *e.g.*, Exhibit 6 at 105-

---

[10] In fact, in Mr. Shapiro's letter of November 20, 2006, he stated that "Ms. Roberson is still searching for documents you requested. When she finds them I will provide you a copy." *See* Exhibit 5.

[11] Not only did Plaintiff not bother locating the documents, she did not appear to remember what her Initial Disclosures were nor could she remember the significance of many of them. This contributed to the questions on that subject being unnecessarily prolonged.

9

107. There would occasionally be unnaturally long pauses before the Plaintiff responded, which are not reflected in the written transcript.  In addition, Plaintiff would routinely not provide a responsive answer which necessitated that Defendant ask the same question repeatedly.[12]  Plaintiff also used her responses as an opportunity to deliver non-responsive, repetitive diatribes about the FDIC and FDIC officials.

If the manner in which a deponent answers questions serves to delay or otherwise impede the process, a party is entitled to additional time.  Miller v. Waseca Medical Center, 205 F.R.D. 537, 541-542  (DC Minn. 2002).

Plaintiff's counsel's remarks, many of which were not appropriate objections, also served to detract from the flow of the deposition.  For examples, *see* Exhibit 6 at 122, 214.  Mr. Shapiro interrupted with inappropriate comments about the FDIC, referring to it as a "criminal conspiracy" [*see* FDIC Motion for Protective Order, pending before this Court], and recast plaintiff's answers in a blatant coaching attempt to suggest a justification for her removal of FDIC documents to her home because of an office move the following year.  [Exhibit 6 at 117.]

---

[12]    For example, at page 84-85 of plaintiff's deposition:

    Q   Have you distributed either the  memorandum to Mr. Gruenberg or the one to Fred  Selby with other people, other than your  attorney?
    A   I'm not sure I understand your question.
    Q   Have you shared those documents, you personally, with anybody other than your  attorney?
    A   Well, these documents are held by  many people in the Division of Finance.  They're copies, many people have copies.
    Q   Really?  How many people?
    A   Everyone who's a manager, I believe, would have a copy.
    Q   So how many people is that?
    A   In DOF, maybe 20, 30 people.
    Q   And you don't think that the document from Mr. Selby to Mr. Gruenberg was restricted only to the deputies?
    A   No.
    Q   Okay.  Have you shared it, either of  these, with other people yourself?
    A   With people outside of the division?
    Q   Outside of DOF, other than your attorney.
    A   No.
    Q   And where are your copies of these documents at present?
    A   I have copies in the office, and I have copies at home.

Mr. Shapiro at one point interrupted with a colloquy accusing the FDIC attorney of being "uncivil" when she was attempting to get a responsive answer to a question, in an apparent attempt to establish a record which was not evident by the circumstances. At another point, Mr. Shapiro interrupted plaintiff to whisper to her *while a question was being asked* by FDIC counsel. [Exhibit 6 at 213-214.]

In short, the manner in which Plaintiff answered questions and the conduct of Plaintiff's counsel did impede the flow of the examination and Defendant should be given more time to conduct a fair examination.

For the foregoing reasons, with the primary one being that the subjects to be covered could not have been covered in one seven hour session, the defendant respectfully requests that this Court grant the defendant up to two additional days to complete the deposition of the plaintiff.

If the Court deems it just, the FDIC also seeks its costs for attorney resources to bring this Motion seeking relief.

Dated: December 7, 2006                     Respectfully submitted,

   *s/ Dina L. Biblin*   
DINA L. BIBLIN,     DC Bar # 270298
Sr. Litigation Counsel, Legal Division
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 N. Fairfax Drive (VS-D-7050)
Arlington, VA 22226
(703) 562-2372; fax: (703) 562-2477
Email: DBiblin@fdic.gov

Attorney for Defendant

11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JANET W. ROBERSON,

    Plaintiff

v.

SHEILA C. BAIR, in her capacity
as Chairman, Federal Deposit
Insurance Corporation,

    Defendant

Civil Action No. 06-0282 (RWR / JMF)

### ORDER EXTENDING TIME FOR DEPOSITION

Upon motion of the defendant and for good cause shown it is hereby:

ORDERED, that additional time for the deposition of plaintiff Roberson be permitted. Defendant shall have an additional two days, seven (7) hours each day, to examine Ms. Roberson, and these depositions may be taken outside of the present discovery period, which closed on December 11, 2006.

Dated: _____     _____
                                                                        U.S. MAGISTRATE JUDGE