UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON,<br>    Plaintiff<br><br>v.<br><br>SHEILA C. BAIR, in her capacity<br> as Chairman, Federal Deposit<br> Insurance Corporation,<br>    Defendant | Civil Action No. 06-0282 (RWR / JMF) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

The defendant, Shelia C. Bair, Chairman of the Federal Deposit Insurance Corporation ("FDIC"), by counsel, hereby submits its reply in support of its motion for a protective order. Dkt. 11. While the Plaintiff's opposition [Dkt. #16] attempts to find support in case law for her position that a protective order is not warranted in this case, these attempts fail.

Consistent with F.R.Civ.P. 26(c)(2), the defendant moved this Court for an entry of a protective order to maintain the confidentiality of certain Privacy Act, privileged, and other sensitive and personal information in this case during the discovery process. For the most part, plaintiff's response to the FDIC's motion simply ignored arguments made by the defendant in support of its motion, including detrimental reliance, the Privacy Act nature of some of the information in discovery, and the various sensitive issues raised in this case by the plaintiff about innocent (and irrelevant) non party FDIC employees, which need not be publicly aired at this time. Notably, the factual background provided by the defendant December 11, 2006 was undisputed.

1

**I.      The lead case cited by the plaintiff is inapposite for the reason cited, but contains dicta to support a protective order in the instant case.**

Plaintiff's lead argument in its opposition is that courts recognize a right to public access to judicial documents.  Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), Opp. at 2.  That premise certainly is not in dispute here.  While the defendant agrees that courts recognize a right to public access to judicial documents, it rejects that this right applies to the facts supporting the motion for a protective order in this case.  Even the Supreme Court in the Nixon case chose not to release the tapes, but in any event, the subject there concerned post-trial access to tape recordings which had been introduced at a criminal trial, not public access to documents that have not been admitted as evidence or otherwise deemed relevant, during the pre-trial discovery phase.

Moreover, plaintiff's reliance on Nixon v. Warner provides a clear indication as to why a court order to protect the release of confidential information is necessary in this case.  As recognized by the Supreme Court, the right of access to documents is not absolute and courts must exercise discretion in light of the relevant facts and circumstances of a particular case  435 U.S. 589.  The court warned that court files could become a "vehicle for improper purposes".  435 U.S. 589, 598.

The FDIC submits that the plaintiff has injected a variety of privileged, confidential, sensitive, and scandalous, not to mention irrelevant, accusations concerning innocent FDIC employees into the discovery phase of this case.  Plaintiff argues she just wants to assert her rights, but the FDIC believes her intent is an attempt to embarrass FDIC officials and to pressure a settlement for reasons other than the merits of the case.  Regardless of the reasons, this sensitive information now has been injected into discovery, and for the present, need not be publicly aired in flagrant disregard of the rights of the FDIC and innocent non-party employees.

In addition, plaintiff's counsel, David Shapiro, made it clear during negotiations over the

Protective Order that the primary reason he rejected the FDIC's proposed language was that he wanted the ability to use in *other* cases the "confidential" information he gleaned through discovery in the instant case. When the FDIC refused to permit that use of the information pursuant to the draft confidentiality agreement, Mr. Shapiro then informed the FDIC that he believed there was no longer a need for a protective order in this case. *See*, factual background contained in pending Defendant's Motion for Protective Order.

In a recent case in this District which addressed a motion for a protective order similar to the one sought in this case, Magistrate Judge Facciola recognized that pre-trial discovery has a significant potential for abuse that could implicate the privacy interests of litigants and third-parties through the litigants obtaining "information that not only is irrelevant but if publically released could be damaging to reputation and privacy." Peskoff v. Faber, 230 F.R.D. 25, 33 (D.D.C. 2005) (citing Seattle Times, 467 U.S. 20 at 34-35 (1984)). For the same reasons, a Protective Order is warranted during the discovery phase of the instant case to enable discovery that plaintiff argues is relevant, until such time as some of this information can be limited through motion or by summary judgment prior to trial.

**II.    Defendant has demonstrated the need for a protective order to maintain the confidentiality of information.**

Plaintiff states in her response, in essence, that **she** does not anticipate the need to designate any material she produces as confidential and finds a protective order unnecessary. Op. at 1. That is largely because she has refused to produce any medical information relevant to her claim for $300,000 in compensatory damages. That refusal is the subject of defendant's pending Motions to compel and for an order requiring plaintiff to submit to a mental examination. Dkt. #12 and #17. If this Court does not strike the plaintiff's claim for damages, and orders that some medical discovery be granted as to these claims, defendant anticipates that the plaintiff would want to designate some

3

of those records and information as confidential, per her initial drafts of the protective order in this case, and her counsel's statements during the plaintiff's deposition.

But indeed, at the present time, it is the defendant, and not plaintiff, that has been in the position of releasing or being asked to testify to sensitive, confidential, or privileged information, per an agreement that the plaintiff has decided is no longer necessary. Were the information about the plaintiff, this would not be an issue, as she has put her activities and condition at issue in this case. However, she has made allegations, often unfounded, about other employees that may need to be addressed, and about which she has sought discovery.

In balancing "the requestor's need for the information from this particular source, its relevance to the litigation at hand, the burden of producing the sought-after material, and the harm which disclosure would cause to the party seeking to protect the information"[1], the defendant's concerns should warrant a protective order. While the FDIC would agree with the citation to Alexander v. Federal Bureau of Investigation, 186 F.R.D. 71, 75 (D.D.C. 1998), that protective orders seeking to quash subpoenas and completely prohibit depositions are extraordinary measures, the FDIC has not asked for extraordinary measures here. The defendant is not seeking to quash or prohibit depositions, but seeking simply seeking to maintain the confidentiality and privilege of documents and to protect the privacy of individuals while the plaintiff obtains discovery. This is relevant in the application of the balancing test in the assessment of defendant's burden to show good cause.

Plaintiff also criticizes the FDIC for failing to specifically detail those facts that need protection. The very nature of the requested protective order is such that the defendant did not want to spell out the specifics of the information alleged by plaintiff and upon which she demands

---

[1] Burka v. U.S. Department of Health, 87 F.3d 508, 517 (D.C. Cir. 1996).

discovery, as that would defeat the purpose of the requested confidentiality agreement and order. The descriptions of the types information that defendant seeks to protect (Motion at pages 9-10) should be sufficient to show good cause.[2] As plaintiff is well aware, the information for which a Protective Order is requested pertains not just to documents, but to testimony already given by FDIC officials and anticipated to be given in the future. Rather than interrupting every successive deposition by coming to the Court for a ruling, or having to reconvene depositions after a ruling, the Protective Order would enable arguably relevant discovery concerning sensitive issues to continue without fear of public dissemination of confidential material.

In the alternative, the defendant proffers that Plaintiff's Initial Disclosures, which highlight a number of the scandalous, privileged, and embarrassing allegations about non party individuals made by plaintiff, can be submitted to the Court *in camera* for consideration to illustrate why the defendant's motion for a protective order should be granted.

\* \* \*

For the foregoing reasons, the defendant urges that this Court execute a Protective order similar to the one submitted as Exhibit 1 to the defendant's Motion for Protective Order in this case, and that this Court Order the plaintiff and her counsel to reimburse the defendant her costs and attorney time spent to prepare and respond to this Motion, which could easily have been avoided

//

---

[2] The privileges asserted "broadly" by the defendant as to some of this information requested include attorney client privileged documents, such as legal advice memoranda to the FDIC from outside counsel, and internal legal opinion memoranda, some of which the plaintiff purloined from the FDIC, and to which she has made reference in discovery. Other documents include internal deliberative process memoranda as to tax treatment of certain expenses relating to non-party and former FDIC employees and officers, and other Privacy Act information such as internal management inquiries, internal performance information and recommendations concerning compensation, as opposed to actual compensation awarded, which is not protected information. Plaintiff has asserted scandalous information about non party FDIC employees' private lives and has even requested information about wedding gifts given to FDIC executives. Her history of "sharing" sensitive information she obtains in the course of her employment as an executive causes legitimate concern, which could be allayed by a confidentiality agreement in the form of a Protective Order.

had counsel for the plaintiff memorialized the informal agreement between the parties.

Dated: December 11, 2006               Respectfully submitted,

                                       *s/ Dina L. Biblin*
                                       DINA L. BIBLIN,    DC Bar # 270298
                                       Sr. Litigation Counsel, Legal Division
                                       FEDERAL DEPOSIT INSURANCE CORPORATION
                                       3501 N. Fairfax Drive (VS-D-7050)
                                       Arlington, VA 22226
                                       (703) 562-2372; fax: (703) 562-2477
                                       Email: DBiblin@fdic.gov

                                       Attorney for Defendant