UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON,<br>　　　　Plaintiff<br><br>v.<br><br>SHEILA C. BAIR, in her capacity<br>　as Chairman, Federal Deposit<br>　Insurance Corporation,<br>　　　　　Defendant | Civil Action No. 06-0282 (RWR / JMF) |

DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY AND MOTIONS DEADLINES

　　　　Defendant hereby moves this Court for an extension of time of approximately sixty days, for the completion of discovery in this case, with accordant changes to the calendar for the filing of dispositive motions. Discovery currently closes on December 11, 2006, and dispositive motions are currently scheduled to be filed on or before February 27, 2007.

　　　　The requested additional time is needed because of delays by plaintiff in responding to discovery, the abrupt refusal of plaintiff to agree to a protective order that had been informally in operation between the parties for over a year, and scheduling conflicts for taking depositions, among other things, which are detailed more fully in the attached memorandum. In addition, at present, a number of pending discovery motions remain before the Magistrate Judge, some of which are not yet completely briefed by both sides, and therefore are not ripe for a decision. Also, plaintiff's failure to produce any medical information or an expert report, as anticipated by the current discovery schedule, has hampered defendant's access to information to give to an expert for a report. The defendant's deadline for submitting an expert report was November 10, 2006.

　　　　Rule 7(m) Statement. Plaintiff does not object to enlargements of time for the expert report submission, but the plaintiff has not consented to an enlargement of all deadlines in this matter.

This is notwithstanding that the plaintiff herself has not completed discovery, nor has her attorney provided alternative dates for the defendant to take depositions of plaintiff's witnesses. In light of the pending discovery motions, defendant renewed her request to plaintiff's counsel to consent to this motion, but did not obtain a response prior to filing.

For the foregoing reasons, and in reliance on the accompanying memorandum and in good faith, the defendant respectfully moves this Court for approximately a sixty day extension of all deadlines in this case, including to take discovery and to file dispositive motions. It is anticipated that this period would begin after the Magistrate Judge has had an opportunity to rule on the pending discovery motions, so that the parties would receive guidance prior to completing outstanding discovery.

* * * *

MEMORANDUM OF LAW

Under this Court's Scheduling Order [Dkt. 9], all discovery is to close December 11, 2006. Subsequent to the close of discovery, the parties have until February 9, 2007, to file dispositive motions, by February 27, 2007. [Dkt. 9]. Because discovery is not yet completed, the parties are not in a position to file dispositive motions, for obvious reasons. The defendant earnestly believes that dispositive motions may not only serve to limit potential issues for trial, but may also negate the need for a trial. Delays leading up to the present state of affairs include the following:

1. In August, FDIC counsel made several attempts to schedule the Plaintiff's deposition, originally requested for September 8, but which was finally held on October 4, 2006. There appeared to be conflicts with plaintiff's counsel's schedule, as well as that of the plaintiff. By the time that plaintiff's expert report was scheduled to be filed (Sept. 25, 2006), the plaintiff had not set up any depositions of FDIC witnesses.

2. Leading up to Plaintiff's deposition, FDIC counsel asked for the forty (40) documents

2

identified in Plaintiff's Initial Disclosures as documents that may be used by Plaintiff to support her claims. None were produced prior to the deposition. Even after the deposition, when plaintiff stated the documents were in her home, it took six weeks to deliver a number of those documents, and the remainder still have not been provided. As recently as the end of November, plaintiff's counsel indicated that plaintiff was still searching for same. These documents, having been identified by the plaintiff, are alleged to contain relevant information to the plaintiff's case in chief.

    3. Plaintiff's Initial Disclosures and her responses to questions in her deposition raised new factual issues and theories of discrimination. In light of the volume and diverse nature (different facts, time periods, and players) of plaintiff's claims, the wide net plaintiff has cast in claiming incidents that she believes are relevant to her complaints, and a number of other reasons, FDIC Counsel filed a motion to extend the deposition of the Plaintiff to allow for a fair examination of the Plaintiff. [Dkt. 18.] that motion is pending with the Court and is not yet fully briefed.

    4. If the motion for additional time to take plaintiff's deposition is granted, and the defendant believes she has established good cause for same, the parties will need to schedule the remainder of that deposition in light of upcoming holidays and other conflicts of both counsel and the plaintiff.

    5. Both parties have outstanding written discovery pending. The FDIC has not received plaintiff's responses at this writing, and is in the process of responding to the plaintiff's written discovery.[1] It is expected that both sides should be completing their written responses shortly. This item is not submitted as a justification for the extension of deadlines that is requested in this case, but is mentioned only to advise the Court of the status. *See,* F.R.Civ.P. 29.

---

[1] Defendant's responses to the plaintiff's discovery were due on December 4, 2006, but the defendant asked for additional time to complete her initial responses, which was consented to by the plaintiff's counsel, David Shapiro. Plaintiff's responses to the defendant's written discovery were due on December 11, 2006, but have not yet been received.

6. A factor which complicated the flow of discovery was the plaintiff's abrupt change of position on a Protective Order.  *See*, Defendant's Motion and Reply in support of Protective Order [Dkt. 11 and 19].  During discovery in the administrative phase of this case before the Equal Employment Opportunity Commission ("EEOC") in 2005, FDIC and plaintiff's counsel began exchanging draft protective orders.  While final agreement on language was not reached, the parties in good faith moved forward to take deposition testimony pursuant to what had been negotiated informally.   The Plaintiff changed her position on the need for a protective order on November 2, 2006 and FDIC counsel filed a Motion for Protective Order shortly thereafter. [Dkt. 11.]   Because of this change in position, the defendant was unwilling to engage in further deposition testimony of certain FDIC officials until such time as some type of confidentiality agreement or order could be obtained.  Based on past experience in this case, the FDIC anticipated that plaintiff would seek confidential information pertaining to privileges of the FDIC, sensitive information and Privacy Act information concerning other FDIC employees and officials during these depositions.  In good faith, defendant anticipated that the depositions would have to be halted or resumed later in order to complete them.  At the risk of wasting time and expense of the parties by beginning depositions that could not be completed without assistance from the Court, the FDIC recommended that the motions be decided by the Court, first, so that discovery could proceed smoothly.  The testimony of all five of the individuals noticed for deposition by plaintiff in November was anticipated to concern sensitive facts concerning non party employees.  Without a confidentiality agreement in place, the FDIC did not want to subject its employees to that discovery without first going to the Court for assistance

7. The dates for which the depositions were rescheduled by plaintiff were dates on which three of the four FDIC managers selected for testimony had conflicts, and one was out of the country.   These depositions were not noticed by the plaintiff until November of 2006, and were

rescheduled due to errors in the original notice.[2]  Plaintiff also requested a fifth deposition of the FDIC's Chief Operating Officer, John Bovenzi, whose deposition had been completed in 2005. Given the time of the request and the date selected, scheduling of this deposition could not be completed, even if the Protective Order had not been a factor.

8.  As detailed in FDIC's Motion to Compel Plaintiff's Expert Report, Dkt. 12, Plaintiff's Rule 26(a)(2) report of her treating physician/expert was due to FDIC Counsel on September 25, 2006 but no report ever was provided.  After several discussions whereby a report was promised, a substandard "report," consisting of a one paragraph letter from plaintiff's treating physician, was delivered late on October 4, 2006.  After discussions among counsel, Plaintiff later designated her expert as a lay witness, and declared that a report was not needed, even though the physician would testify as to causation of plaintiff's mental and medical condition including a need for psycho-tropic medication.

Plaintiff still has not provided even background medical notes from this physician for review as requested by the FDIC prior to beginning a deposition of this physician.  The FDIC's Motion to Compel is pending before the Magistrate but is not yet fully briefed.

9.  Not only has the FDIC moved for an expert report of some type to be provided, pursuant to Rule 26(a)(2) and F.R.E. 702, including medical notes of the physician, but also has by separate motion sought a mental examination of the plaintiff, pursuant to F.R.Civ.P. 35.  [Dkt. 17 and 12.] These motions are not yet fully briefed by both parties and therefore not ripe for a decision.  Until decisions on these motions are rendered, discovery has, in essence, halted with respect to plaintiff's claims for compensatory damages arising out of her alleged medical condition.

10.  FDIC Counsel made several requests to plaintiff's counsel to seek dates on which to

---

[2] The FDIC counsel believes that one of these dates may have been a "placeholder" rather than a true notice of intent to take a deposition, because the date, Nov. 17, 2006, was concurrent with Mr. Shapiro's appearance in this District on behalf of another client in an unrelated matter.

schedule the depositions of Dolores W. Styers, who is plaintiff's mother, and Megan W. Roberson, plaintiff's daughter, both of whom were identified in Plaintiff's Initial Disclosures as individuals likely to have discoverable information to support Ms. Roberson's claims.  Rather than arbitratily noticing depositions, FDIC Counsel attempted to obtain available dates from plaintiff's counsel, knowing that Ms. Roberson's daughter was in Europe attending school and that Mrs. Styers was recently hospitalized.  In addition, defendant asked for dates during which counsel would be free for the taking of the depositions of one other fact witness and the treating physician, assuming her notes were provided.  No dates (or notes) were provided in response.

* * * *

For the foregoing reasons, for good cause and in good faith, defendant submits that the events described above have served to delay or halt discovery, and accordingly asks this Court for an extension of deadlines for discovery with a period to begin after resolution of the pending discovery motions.   It is estimated that depending on the outcome of the motions, sixty days would be necessary to complete discovery (less time if plaintiff's compensatory damages are stricken or limited by the Court, as no expert discovery would be needed).

After conclusion of discovery, another sixty day period for the filing of dispositive motions is requested, consistent with the original Scheduling Order in this case, due to the volume of facts,

witnesses, and issues in this case.


Dated: December 11, 2006                    Respectfully submitted,

                                               *s/ Dina L. Biblin*
                                           DINA L. BIBLIN,    DC Bar # 270298
                                           Sr. Litigation Counsel, Legal Division
                                           FEDERAL DEPOSIT INSURANCE CORPORATION
                                           3501 N. Fairfax Drive (VS-D-7050)
                                           Arlington, VA 22226
                                           (703) 562-2372; fax: (703) 562-2477
                                           Email: DBiblin@fdic.gov

                                           Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON,<br>      Plaintiff | Civil Action No. 06-0282 (RWR / JMF) |
| v. | |
| SHEILA C. BAIR, in her capacity<br>as Chairman, Federal Deposit<br>Insurance Corporation,<br>      Defendant | Proposed Order |

      Upon motion of the defendant, Sheila C. Bair, and for good cause shown, it is hereby

      ORDERED: that the defendant's motion is granted and it is hereby

      ORDERED: that the Scheduling Order in this case is hereby amended with the following

deadlines:

      Plaintiff's expert witness report will be due on or before    _____
      Defendant's expert witness designation and report(s) will be
      due on or before    _____
      Discovery to close on    _____
      Dispositive Motions to be filed by:    _____

Dated: December \_\_, 2006    _____
                                            RICHARD W. ROBERTS
                                            UNITED STATES DISTRICT JUDGE