UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHEILA C. BAIR, )<br>    Chairwoman, Federal Deposit )<br>    Insurance Corporation, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-0282 (RWR/JMF) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PLAINTIFF
TO SUBMIT TO MENTAL EXAMINATION (FRCvP 35) OR IN THE
ALTERNATIVE TO STRIKE CLAIM FOR COMPENSATORY DAMAGES**

**Introduction**

Janet Roberson has sued the Federal Deposit Insurance Corporation (FDIC)[1] for discrimination and retaliation in employment. She alleges that her employer unlawfully discriminated against her on the basis of her sex and age, and in retaliation for engaging in protected activity. *See generally* Complaint. To remedy this unlawful discrimination and retaliation, plaintiff seeks back pay, retroactive performance bonuses, injunctive relief, attorneys' fees and costs, and other relief. Plaintiff also seeks compensatory damages for harms she suffered and is suffering as a result of the FDIC's discriminatory/retaliatory conduct. *Id.*

In her initial disclosures, plaintiff identified Dr. Maria Bella Natividad as her treating physician. *See* Plaintiff's ("Plf's") Initial Disclosures at 23. In addition, plaintiff noted that Dr. Natividad "is likely to have discoverable information that [plaintiff] may use to support [her]

---

[1]Actually, the named defendant is the chairwoman of the FDIC, who is being sued in her official capacity only as the head of the FDIC. See 5 U.S.C. §2000e-16(c).

claims" in the following subject areas: her knowledge of plaintiff's emotional distress and depression, and it cause -- the mistreatment accorded at her work; and treatment of plaintiff for depression and stress." *Id.* Subsequent to this initial disclosure, plaintiff's counsel has further provided FDIC's counsel with contact information along with a general summation of the substance of Dr. Natividad's expected testimony. *See* Defendant's Motion to Compel Expert Report, Exh. 1 (E-mail from David Shapiro to Dina Biblin, dated Sept. 25, 2006).

Though defendant has yet to schedule a deposition of Dr. Natividad, she now moves the Court to require plaintiff's submission to an undefined examination by two separate mental health practitioners. Because defendant has less intrusive means to discover the information it seeks, the Court should deny its motion.

## Argument

**I.     Legal Standard.**

An order for the physical or mental examination is not granted as of right. *Smith v. Koplan*, 215 F.R.D. 11, 12 (D.D.C. 2003). "The movant must establish that the [plaintiff's] 'mental or physical condition ... is in controversy' and that there is 'good cause' for the motion to be granted." *Doe v. District of Columbia*, 229 F.R.D. 24, 26 (D.D.C. 2005) (*citing* Fed. R. Civ. P. 35(a)). Further, the Supreme Court has unequivocally held that the "in controversy" and "good cause" requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 234, 242-43 (1964). Further, "[t]he ability of the movant to obtain the desired

information by other means is also relevant." *Id.* The movant must also "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed. R. Civ. P. 35(a).

## II.  Defendant Has Failed to Demonstrate Need for Independent Medical Examination.

### A.  Defendant Has Not Shown Good Cause for Forcing An IME.

Because plaintiff has provided ample opportunity by means other than an IME for defendant to explore her claims of emotional distress, the Court should conclude that defendant lacks good cause for forcing plaintiff to undergo intrusive mental examinations by two practitioners. "[E]ven when the requirements of Rule 35(a) are met, an ordered medical examination can be overcome, if the information could be obtained by other means." *Smith v. Koplan*, 215 F.R.D. 11, 14 (D.D.C. 2003) (*citing Schlagenhauf*, 379 U.S. at 118).

In *Smith v. Koplan*, Judge Facciola found good cause to order an IME where the plaintiff advanced only her own self-diagnosis of mental illness. 215 F.R.D. at 13-14. As the Court noted, the plaintiff's self-diagnosis made it "simply impossible for defendant to counter plaintiff's opinion of her mental state." *Id.* at 14. While the Court also noted that a plaintiff can overcome a forced IME by ensuring that the defendant can obtain information through other means, it found Smith's proffer of two letters from a former psychologist to be insufficient. *Id.* Specifically, the Court concluded that "[i]t is obvious from these two documents that the plaintiff's former treating psychologist is unlikely to produce any substantial information regarding plaintiff's mental condition." *Id.* In addition, the Court further noted that the plaintiff had not identified any expert witness. *Id.*

In the instant case, however, Ms. Roberson intends to call her treating physician, Dr.

Maria Bella Natividad, as a witness to testify regarding "her knowledge of plaintiff's emotional distress and depression, and it[s] cause." Plf's Initial Disclosures at 23. While the plaintiff in *Smith v. Koplan* prevented defendant from obtaining further information by failing to call her treating psychologist (instead relying on self-diagnosis alone), Ms. Roberson has produced a physician who can testify about treatment. Defendant can depose Dr. Natividad, allowing her to discover not just the diagnosis and course of treatment, but whether additional causes for depression, if any, were explored or discussed. Defendant thus has adequate means to rebut plaintiff's claims without resorting to an intrusive IME.

Defendant's arguments to the contrary are unavailing. Defendant contends that plaintiff has claimed emotional distress "at every opportunity, and as such, there is good cause for ordering her to submit to a mental health examination." Def's Motion at 7-8. While this contention could constitute an argument that plaintiff has placed her mental state in issue, it fails as an adequate basis for proving "good cause" for an IME under Rule 35(a). While noting that she may depose Dr. Natividad, defendant nevertheless disingenuously claims that "plaintiff is free to state simply that she's depressed and it's the FDIC's fault." *Id.* at 8. Dr. Natividad, however, will testify regarding the diagnosis, treatment, and likely cause of the depression. *See* Plf's Initial Disclosures at 23. By deposing Dr. Natividad, defendant can do exactly what she seeks to do: "explore the need for that medication, the plaintiff's diagnosis, if any, and whether there are other causes for her symptoms." Def's Motion at 8-9.

"The Federal Rules of Civil Procedure should be liberally construed, but they should not be expanded by disregarding plainly expressed limitations." *Schlagenhauf*, 379 U.S. at 121. Defendant does have a right to obtain information regarding plaintiff's claim of emotional

distress; however, she has not sufficiently demonstrated why the deposition of Dr. Natividad will fail to provide the information it claims to seek. Accordingly, this Court should not force plaintiff to submit to an invasive mental examination (much less two such exams).

      **B.    Defendant's Motion Fails to Specify Scope of Examination.**

Defendant's request must also fail because defendant failed to meet the explicit notice requirements of Rule 35(a). An order approving an IME "may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed. R. Civ. P. 35(a); *see also Doe*, 229 F.R.D. at 26 (confirming that Rule 35(a) "demands" that the moving party meet notice requirements).

Defendant's motion fails to include these elements. In the introduction, defendant states only that she seeks the Court to order plaintiff to submit to a mental examination by a licensed forensic psychiatrist and a licensed psychotherapist retained by defendant at a time to be later determined. Def's Motion at 1. Further, defendant fails to even name the experts in her motion – listing them only within its proposed order. *See* Def's Proposed Order. Defendant provides no further information regarding the invasive examinations she seeks – offering not a word regarding the "manner, conditions, and scope of the examination." Fed. R. Civ. P. 35(a). Defendant would thus have this Court order plaintiff to submit blindly to an examination of unknown scope or duration. As a result of defendant's silence, plaintiff has no opportunity to object to the methodology or conditions of the examination. Moreover, while plaintiff maintains that defendant does not have good cause to force an IME at all, defendant certainly offers no explanation as to why it is necessary to have two separate doctors examine her.

Because defendant fails to apprise plaintiff and the Court of the particulars of the examinations it seeks, this Court must deny its motion.

## Conclusion

For the foregoing reasons, plaintiff respectfully requests this Court to deny defendant's motion for plaintiff to submit to a mental examination.

Respectfully submitted,

   /S/                          
David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANET W. ROBERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-0282 (RWR/JMF) |
| ) | |
| **SHEILA C. BAIR,** ) | |
| **Chairman, Federal Deposit** ) | |
| **Insurance Corporation,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Upon consideration of Plaintiff's Opposition to Defendant's Motion for Plaintiff to Submit to Mental Examination (FRCvP 35) or in the alternative To Strike Claim for Compensatory Damages, it is this _____ day of December, 2006 Ordered that Defendant's Motion be and the same hereby is DENIED.

_____
UNITED STATES DISTRICT JUDGE