UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON,<br>      Plaintiff<br><br>v.<br><br>SHEILA C. BAIR, in her capacity<br> as Chairman, Federal Deposit<br> Insurance Corporation,<br>      Defendant | Civil Action No. 06-0282 (RWR / JMF)<br><br>DEFENDANT'S REPLY IN SUPPORT<br>OF MOTION SEEKING ADDITIONAL<br>TIME FOR DEPOSITION OF PLAINTIFF |

      In her motion of December 7, 2006, Defendant Bair, as Chairman and representative of the Federal Deposit Insurance Corporation ("FDIC"), stated that additional time was needed to depose the plaintiff because of the multitude of issues raised in the case, and because various behaviors of the plaintiff and her counsel also hindered taking of the deposition in a single seven hour setting.  The FDIC incorporates its memorandum and Exhibits in support of that Motion in this Reply. In her Opposition to this motion, plaintiff made, in essence, two points: first, that the case law cited by the defendant was inapposite to the present case, and second, that undersigned defense counsel wasted time during the deposition.[1]  Without trying to rehash what has already been said, Defendant will address these two points, in the context of the arguments made in the Motion.

1.    <u>Defendant is entitled to additional time pursuant to F.R.Civ.P. 30 (d)(2) to depose Plaintiff given the number of claims and volume of documents in this case.</u>

      Plaintiff contends the cases cited by defendant were inapposite, and in so doing, would have us dissect them so finely that no future party could rely on *stare decisis* unless they were the actual

---

[1] The Opposition was due on December 22, 2006, but does not appear to have been filed with this Court under DC-ECF.  Defendant did not receive a copy of the Opposition until the late afternoon on Wednesday, December 27, and it was delivered by U.S. Mail, not by ECF, therefore it is possible that this Court does not have a copy.

1

plaintiff in the same prior case. The defendant acknowledges that we have only one plaintiff in this case and she does not have 30 claims. But neither is she an "ordinary" EEO plaintiff, as the Opposition suggests. Ms. Roberson based her amended complaint on nine separate claims, each involving different actors within the FDIC, different time periods (evolving over four years), and different facts, much like the plaintiffs in the cases cited. This is not a one issue case. Ms. Roberson also injected a number of unrelated incidents into this case during discovery, which involve additional actors and facts, about which defendant has a right to inquire. This is "discovery", after all. [2] The case law cited by the defendant was illustrative of other cases in which the courts have granted additional time for a "fair examination" of the plaintiff's testimony.

Plaintiff also suggests that defendant should take the depositions of each of the other witnesses listed by plaintiff in her Initial Disclosures, rather than lengthening the plaintiff's deposition. However, this appears to be counter-productive to expediting discovery for at least two reasons. First, the scheduling order limits each party to five depositions and it is doubtful that this Court would permit so many more depositions to be taken, nor would defendant suggest such an expense of time or resources be undertaken when a shorter method (asking plaintiff) might serve the purpose.

Second, by asking the plaintiff the basis for her allegations about each of dozens of individuals she has named, time can be saved by not taking depositions of persons who might have only hearsay knowledge in this case, or about whom the plaintiff's allegations concerning their knowledge may be incorrect. The defendant has a right to test her allegations by asking plaintiff about the statements she

---

[2] The defendant has already produced a dozen FDIC executives for dozens of hours of depositions on these subjects, and plaintiff noticed at least five more half day depositions of FDIC management still to be taken. One of them, the FDIC's Chief Operating Officer, was deposed for half a day in 2005 and at the conclusion, plaintiff's counsel announced they had nothing further to ask. Plaintiff has since asked for another half a day for Mr. Bovenzi, who has not been in Ms. Roberson's chain of command for the past two years. This contradicts plaintiff's statement in her Opp. that full day depositions of the FDIC were not being requested. The total taken by plaintiff far exceeds any discovery defendant intends to take.

made concerning them, let alone the source of the many allegations made in her lengthy complaint.[3]

Rule 30 and the case law, *e.g.*, Miller v. Waseca Medical Center, 205 F.R.D. 537, 540 (D. Minn. 2002), demand that the Court look to the facts of each individual case in rendering its decision on this motion. Of course, each case is different. But the facts and circumstances cited by the defendant in its Motion are undeniable, and justify the additional time requested in good faith to complete a fair examination of the plaintiff's case.

2. <u>Plaintiff's and her counsel's actions impeded the deposition and justify additional time.</u>

Defendant cited a handful of examples of how the plaintiff's and her counsel's actions impeded the deposition. The chief one is the failure to produce the initial disclosure documents as requested prior to the October 4 deposition and Mr. Shapiro's failure even to request them from his client prior to October 3. It took considerable time during the deposition just to establish what these documents were and from where she received them. At the very least, the defendant should recover the three hours spent on that subject, plus an additional three hours to ask questions, as needed, about those documents once they are fully produced. That alone would suggest extending the deposition by one day, but there are many other allegations to be explored, as discussed, *supra*.[4]

In addition, the defendant cited examples of the plaintiff's style, which required questions to be repeated several times in order to obtain a direct answer (*See*, *e.g.*, footnote 12 and Exhibit 6 to the

---

[3] Contrary to plaintiff's assertions in the Opposition, defendant does not intend to pursue every statement made by plaintiff in the voluminous record, although the Federal Rules clearly would permit such an inquiry.

[4] Plaintiff acknowledges in the Opp. at 5, her consent for additional deposition time to make inquiry about the documents she failed to produce for the deposition, however, that suggestion does not account for the hours lost asking plaintiff about those documents, which could have been spent on other issues, nor does it provide the defendant any assurance of time. Mr. Shapiro has also stated on the record that he had no intention of providing time to examine plaintiff later about those missing documents. *See*, Exhibit 6 at 127. The defendant requires the Court's assistance to obtain a fair examination.

3

Motion), and examples of how plaintiff's attorney interrupted with inappropriate objections (*e.g.* Ex. 6 at 213) and by coaching his witness to alter a previous answer (Ex. 6 at 117), which required the undersigned to ask an additional line of questions to get back on track and establish the point for the record. *See, also,* discussion at pp. 9-11 of the Motion.

In response, plaintiff asserts that the undersigned wasted time in the deposition, citing an example of spending over an hour on the plaintiff's professional background. While defendant acknowledges the FDIC had a copy of plaintiff's resume, defendant did not ask the plaintiff merely to repeat what was in the SF-171. Rather, the examination focused on plaintiff's professional journey to her present position, the skills she obtained, people with whom she worked and who helped her along the way, and the duties she actually exercised in each position; in other words, information which is not contained in the SF-171. The defendant should not be required to detail its strategy in this Reply, but if asked by the Court outside of the presence of plaintiff's counsel, defendant would explain the information obtained that is relevant to the FDIC's defense of this case.

While this forum should not turn into a contest, the defendant suggests that Mr. Shapiro should not be throwing the proverbial stones from his glass house. During the eleven depositions he took of FDIC senior executives in 2005, for example, Mr. Shapiro asked two, if not three, different executives to explain in detail the Division of Finance ("DOF") organizational structure, most of which was already known to the plaintiff, by virtue of her executive status in DOF, and also due to her access to organizational charts. In addition, the information should already have been known by Mr. Shapiro, as he had asked the same questions to other witnesses previously in this case. Nor was the nature of the inquiry designed to uncover "impeachment" evidence, which might arguably justify asking the same question of several witnesses.

Another example is when Mr. Shapiro quizzed Michael Bartell, the Director of the Division of

4

Information Technology, for nearly an hour about the organizational changes that occurred in that Division over the three year period since plaintiff stopped working there.  While the relevance of the reorganizations is not in dispute at this time, the questions were asked of Mr. Bartell WITHOUT use of the series of organizational charts that defense counsel produced to plaintiff prior to the deposition, anticipating that such questions might be asked.  As a result, Mr. Bartell was subjected to questions asking him to narrate what was contained pictorially in charts that were not shown to him, which unnecessarily prolonged the deposition and complicated the record.  As the witness answered the questions, Mr. Shapiro appeared to take notes in the manner of drawing charts, rather than using the organizational charts provided.  After observing this for a few minutes, undersigned counsel asked why he would not use the charts we brought to the deposition to expedite the series of questions.  Mr. Shapiro stated he had a right to "test the memory" of the witness to justify the exercise.  He never referred to the charts during the entire deposition, which of course, is his right not to do.

The defendant's point here is simply that plaintiff's counsel is in no position to question the defendant's pursuit of relevant testimony about plaintiff's background when Ms. Roberson cast aspersions on the credentials of others at the FDIC in her Amended Complaint.

In another instance, Mr. Shapiro asked Division of Administration ("DOA") executives about their organizational structure, which clearly was *not* relevant to this case.  Mrs. Roberson did not work for DOA during the time period of the events complained of, nor was her non-selection for an executive position there over six years ago ever been made the subject of an EEO complaint.  Worse, Mr. Shapiro inquired about the organization of a unit of the Division which employs an unrelated lower level FDIC employee who is also a client of Mr. Shapiro, in a case where he had not yet taken discovery, but was in arbitration.  Mr. Shapiro's apparent attempt to use the Roberson case to gain discovery for another client's matter was transparent to the FDIC attorneys who observed this line of

questioning and called it to his attention during a break.

In summary, the defendant demonstrated good cause for its Motion. The FDIC has no intention of "wasting" time and if the deposition can be completed in less than the two days requested, we will make every effort to do so.

For these reasons and those stated in the Motion, the defendant respectfully asks this Court to grant its motion for additional time to depose plaintiff and for reimbursement by plaintiff and/or her counsel for the FDIC's expenses for attorney resources to make this formal request of the Court.

Dated: January 2, 2007                Respectfully submitted,

*s/ Dina L. Biblin*

DINA L. BIBLIN,    DC Bar # 270298
Sr. Litigation Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-D-7050)
Arlington, VA 22226
(703) 562-2372; fax: (703) 562-2477
Email: *DBiblin@fdic.gov*

Attorney for Defendant