UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET W. ROBERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0282 (RWR/JMF) |
| ) | |
| SHEILA C. BAIR, ) | |
|     Chairwoman, Federal Deposit ) | |
|     Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER
ALLOWING ADDITIONAL TIME FOR DEPOSITION OF PLAINTIFF**

The Court should deny defendant's request for additional time to depose the plaintiff, as defendant has already had ample opportunity to discover information from plaintiff during an extensive administrative review of the claims, as well as during discovery in the present case, which has already included a full seven hour deposition.[1]  The Federal Rules clearly establish a time limit for depositions: "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours."  Fed. R. Civ. P. 30(d)(2).  The Advisory Committee Notes further clarify that the time limit prevents undue costs and delays.  *See* Advisory Committee Notes, 2000 Amendments, Fed. R. Civ. P. 30(d)(2) ("The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances.").  If a party seeks to exceed this limit, it must convince the court that the limit

---

[1] Actually, defense counsel's deposition of plaintiff occurred over a nine hour period on October 4, 2006 (between 9:37 AM and 6:37 PM).  *See* Attachment 1 (Plaintiff's Deposition), TR pp. 4 and 409.  The time on-the-record during this deposition, as kept by the court reporter, totaled six hours and fifty minutes.  *See* TR pp. 405-06.  So, defendant's deposition of plaintiff has already run ten minutes shy of seven full hours.

prevents a "fair examination" of the party in question. *See* Fed. R. Civ. P 30(d)(2).

Defendant has already deposed Ms. Roberson for a full day,[2] as contemplated by the Federal Rules and this Court's Scheduling Order. Further, review of the deposition reveals that defendant's counsel had ample time to ask and pursue numerous issues and topics. Indeed, the unsealed portion of the deposition transcript runs over 400 pages. *See* Attachment 1.[3] Notably, defendant spent an inordinate amount of time questioning plaintiff about background issues, such as her employment and education histories. *See* Attachment 1, Tr. pp. 1-38. Defendant's inefficiency is no grounds for more time.

Defendant argues that she deserves more time to depose plaintiff because the number of issues in this case merits an extended deposition. Defendant's cited cases, however, fail to support her claim, as the number of issues in this case is far less than those cited in the caselaw as grounds for more time. Defendant cites *Grill v. Costco* in support of her position, yet as defendant herself points out, that case involved a claim of thirty separate occasions of discrimination. Def's Motion at 5 (*citing Grill*, 2004 WL 2314639 (W.D. Wash. 2004)). Defendant also favorably cites *Miller v. Weseca*, a Minnesota case wherein the court granted additional time to depose each of the two plaintiffs in the case about what the other plaintiff said. See 205 F.R.D. 537, 541 (D. Minn. 2002). Specifically, the Court noted that the need to examine each plaintiff on the facts of the other plaintiff's case "puts these witnesses in circumstances

---

[2]As noted above (*see supra* at 1, n.1), defendant deposed Ms. Roberson on October 4, 2006 for six hours and fifty minutes over a nine hour period – a long full deposition day to be sure.

[3]All material marked confidential by defendant's counsel has been excised from the transcript attached hereto. *See* TR, pp. 161-169.

which are different from the ordinary plaintiff, who would be offering testimony only about a single case." *Id.* In contrast to that exceptional case, Ms. Roberson is the "ordinary plaintiff" as she offers testimony solely about her case, and she has already submitted to seven hours of examination by defendant.

Defendant also claims that plaintiff's deposition of eleven FDIC officials at the administrative level necessitates that it receive more time to depose plaintiff now. First of all, defendant had every opportunity to depose the plaintiff at the administrative level, but declined to do so. Secondly, defendant offers no support for its contention that just because plaintiff was able to depose many people, defendant should be able to depose plaintiff for a longer duration than provided for by the Rules – indeed, two to three times as long a deposition is what defendant seeks here. It hardly seems necessary to point out that most employment discrimination cases involve a single plaintiff who needs to depose numerous witnesses, but that does not serve to justify a departure from the seven hour limitation for plaintiff's deposition. Moreover, none of the deposition taken by plaintiff during the administrative process lasted for anything even approaching seven hours.

The extensive administrative record in this case actually demonstrates why defendant should not receive more time for her examination of plaintiff in this case. Defendant already has access to numerous affidavits from plaintiff regarding her claims, as well as to statements from other witnesses that either substantiate or rebut her claims, as recorded in EEO Reports of Investigation (ROIs). Defendant acknowledges that "much of plaintiff's anticipated testimony may be contained in those [ROI] files," yet tries to get around that fact by claiming that plaintiff's declarations raised numerous facts that "bear further exploration, which was not done by the

EEO investigators during those investigations." Def's Motion at 4. Even despite the fact that defendant failed to depose plaintiff during the administrative phase – the obvious venue for further exploration of her administrative claims – defendant still had the information prior to its recent deposition and thus had the opportunity to explore the issues during that seven hours of examination.

Defendant also claims that plaintiff is "obviously the sole witness in support of most of the allegations made by her." Def's Motion at 4. Yet, at the same time, defendant claims to need more time because plaintiff has named a substantial number of witnesses for her case. Defendant fails to explain why she could not depose other key witnesses, rather than questioning plaintiff for an over-extended time about what they might say – indeed, plaintiff has already done that through her initial disclosures.

Finally, defendant's assertions that plaintiff somehow wasted time by her "style in answering questions" or that she was non-responsive is ineffectual. Notably, even the deposition excerpt cited by defendant is hardly indicative of a non-responsive witness. *See* Def's Motion at 10, n. 12. A review of the context of the excerpt demonstrates that FDIC's counsel and plaintiff were discussing whether a particular document was confidential, that plaintiff explained a number of times why she believes that it is not, that many different people have copies, and that she never provided copies to anyone else. All of this occurs in the span of three pages of testimony. Plf's Deposition at 83-85. In contrast, FDIC's counsel wasted nearly two hours at the beginning of the deposition reviewing plaintiff's employment history even though defendant had plaintiff's resume – including numerous question regarding why plaintiff pursued a public administration degree as opposed to a business administration degree. *See* Plf's Deposition at

30-38. Instead of pursuing the minutiae of plaintiff's focus in graduate school, defendant could have asked the numerous questions she claims now still need to be asked of Ms. Roberson. *See Tri-State Hosp. Supply Co. v. U.S.*, 226 F.R.D. 118, 126 (D.D.C. 2005) ("[T]he clock is ticking against the seven-hour limit in Rule 30(d)(2), and every moment wasted on a useless question is lost and cannot be used to ask a meaningful question.").

Defendant has had substantial opportunity to examine plaintiff through initial disclosures, interrogatories, document requests, and depositions, both at the administrative level and before this Court. Further, plaintiff has already consented to submit to a reasonable amount of additional deposition time to discuss documents produced after the deposition; however, defendant should not be able to interrogate the plaintiff for seven to fourteen more hours simply because she has more questions to ask. Parties to a lawsuit always have more questions, but all depositions must end sometime, and under Rule 30(d)(2), that end comes after seven hours of questioning – a mark to which defendant has already subjected Ms. Roberson in this case.

## Conclusion

For the foregoing reasons, defendant's motion to extend plaintiff's deposition beyond the limits set by Rule 30 of the Federal Rules of Civil Procedure should be denied.

Respectfully submitted,

\_\_\_\_/S/_____
David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290

Washington, D.C. 20005
(202) 842-0300

Attorneys for Plaintiff